ORKIN EXTERMINATING Co., INC., OF MEMPHIS *v.* POSEY.

Nov. 2, 1953

No. 39210          41 Adv. S. 31          67 So. 2d 526

*Melvin, Melvin & Melvin,* Laurel, for petitioner.

*Robt. G. Gillespie,* Meridian, for respondent.

ON PETITION FOR SUPERSEDEAS

HOLMES, J.

This is a petition filed in this Court by Carley Ross Posey for an appeal with supersedeas from a decree of the Chancery Court of Lauderdale County, rendered on October 5, 1953. The action of the petitioner in seeking the appeal with supersedeas arises out of the following facts and circumstances: On July 9, 1951, the petitioner entered into a written contract with Orkin Exterminating Company, Inc., hereinafter referred to as Orkin, whereby he was employed by Orkin as manager in certain prescribed territory in furtherance of the business of Orkin, which was the exterminating, fumigating and termite control business. His compensation as fixed in the contract was $200.00 per month, plus a commission of five per cent on all new contracts sold by him in the prescribed territory, and the period of his employment was three months, subject to be thereafter terminated by either party upon the giving of fifteen days' notice to the other party. Among other terms and provisions of the contract were provisions whereby the petitioner agreed that he would not during the term of his employment or for a period of two years immediately following the termination of his employment, solicit in his own behalf or

in behalf of any other person, firm, or corporation, contracts or employment in the prescribed territory for termite and pest control, and whereby he agreed that he would not reveal any of the secret methods or systems of Orkin. He terminated his employment with Orkin on June 9, 1953, and thereafter, according to the contention of Orkin, immediately engaged in like business for himself, taking over about one-half of Orkin's customers, and resulting in the loss to Orkin of about $600.00 per month from customers taken over by the petitioner.

Orkin filed its bill in the Chancery Court of Lauderdale County seeking an injunction to restrain the petitioner from the violation of the several terms and provisions of the contract. The cause was heard by agreement of the parties in vacation on October 5, 1953, and after hearing the evidence, the chancellor rendered a decree directing the issuance of an injunction against the petitioner as prayed for in the original bill, and granted the petitioner an appeal therefrom to the Supreme Court, but denied his request for an appeal with supersedeas.

Petitioner's application to this Court is made under the provisions of Sec. 1169 of the Miss. Code of 1942, which provides as follows: "In any case of an appeal to the Supreme Court, where no special provision is made by law for a supersedeas of the judgment or decree appealed from, or for the bond to be given in such case, a supersedeas may be allowed by the court rendering the judgment or decree appealed from or by the judge thereof, or by the Supreme Court or any of the judges of said Court, upon such bond, with such sureties as said court or judge may direct in the order for a supersedeas."

In the case of Sartin v. Barlow, 196 Miss. 159, 16 So. 2d 372, this Court cited with approval the rule as stated in 4 C. J. S., Appeal and Error, Sec. 636, pages 1125 and 1126, to the effect that a supersedeas or stay will not be granted by either the lower or the appellate court where it would result in irreparable or disproportionate

injury to the appellee, or where the damage which may result from it cannot be compensated in money, so that appellee will not be protected by the bond in case of affirmance. It was also held in the case of Sartin v. Barlow, supra, that under the applicable section 1169, Mississippi Code of 1942, whether a supersedeas shall be allowed is within the sound discretion of the court.

The evidence adduced on the hearing in the court below is not before us. The chancellor, however, heard this evidence and thereafter upon the rendition of his decree denied the request for an appeal with supersedeas. We are not in a position to say that this action of the chancellor constituted an abuse of the sound discretion vested in him. It follows accordingly that the petition for supersedeas should be, and it is, denied.

Petition for supersedeas denied.

*McGehee, C. J.,* and *Lee, Arrington,* and *Ethridge, JJ.,* concur.