CITY OF TUPELO, MISS. *v.* WALTON, et ux.

No. 41208          January 11, 1960          116 So. 2d 808

*Bolton & Doty, Lumpkin, Ray & Holland,* Tupelo, for appellant.

*William S. Lawson,* Tupelo; *E. K. Windham,* Booneville, for appellees.

McGehee, C. J.

This is a suit wherein the appellant filed a bill of complaint to obtain an injunction to prevent the appellees from keeping open their store in the City of Tupelo and selling goods, wares, and merchandise on the Sabbath day in violation of the state statutes and an ordinance of the City of Tupelo, the statutes being Secs. 2368, 2369 and 2370, Code of 1942 as amended by Chapter 401, Laws of 1948.

The trial court sustained a demurrer to the bill of complaint and dismissed the suit. The bill of complaint alleges, among other things, that all offenses against the State of Mississippi are made offenses under an

ordinance of the City of Tupelo. The bill further alleges that the appellee, Dale Walton, had been tried and convicted of the violation of the city ordinance with reference to keeping his store open and selling goods on the Sabbath day sixty-six times and that on two additional occasions he entered a plea of nolo contendere; and that the appellee, Mrs. Dale Walton, had been tried and convicted nine times for violation of the city ordinance in question.

The bill of complaint also alleged that the defendants had been operating a store on Jackson Street in the City of Tupelo, known as ''Clover Leaf Grocery Store'' from the first day of January, 1954 and up to the time of the filing of the bill for an injunction; that the appellee, Dale Walton, had ''asked for a permit to install pumps for the sale of gasoline in connection with his store, and that the permit was granted to him by the Board of Mayor and Aldermen of the City of Tupelo under an agreement on his part that the store would not be kept open on the Sabbath day, nor would he sell from said store in violation of the laws of the State of Mississippi and the ordinance of the City of Tupelo, but soon after opening said store he began to violate said agreement and to keep the store open and sell goods therefrom on the Sabbath day.'' The bill further charges that the appellees persisted in violating the city ordinance in question, after having been tried and convicted therefor as aforesaid; that the City of Tupelo has endeavored to persuade the appellees to desist from their violation of the city ordinance, but that they had stated to others that they did not intend to stop violating the ordinance. The bill also charges that they built screens and curtains and other devices in front of the store so as to be able to violate the statute and ordinance without detection; that the action of the appellees ''has become notorious and that the publicity thereof has flouted the authority of the city by signs seeking to bring

the law enforcement of the municipality into disrepute, and that the City of Tupelo in an effort to have the law observed and prevent violation thereof has repeatedly placed policemen on the street across from the store of the said Dale Walton to prevent his violating the law and ordinance and to enforce respect therefor; that the necessity therefor has hampered the enforcement of the ordinances of the City of Tupelo and has been an added expense in maintaining the police department and has require additional policemen on duty, and that this conduct on the part of the said Dale Walton is in public view and notorious and is a desecration of the Sabbath day. That by the provisions of the Code of the State of Mississippi, the City of Tupelo is empowered to restrain, prohibit and suppress such conduct and such places, and the efficiency of the enforcement of the law in the City of Tupelo is being impaired by the failure of the said Dale Walton and Mrs. Dale Walton to obey the statutes of the State of Mississippi and the ordinance of the City of Tupelo with reference to keeping a store open on Sunday and selling goods on Sunday.''

The bill of complaint also alleges that the arrests and convictions of the defendant for their offenses have proved ineffectual and inadequate to the city to enforce compliance with the city ordinance in question.

▓▓ ▓ Section 3374-133 provides, among other things, the following: ''The governing authorities of municipalities shall have the power to restrain, prohibit and suppress * * *, the desecration of the Sabbath day.''

We interpret the words ''prohibit and suppress'' in the foregoing statute to mean the right to put an end to. The bill of complaint herein sufficiently alleges that the city has been unable to put an end to the action of the appellees in their desecration of the Sabbath day.

In 83 C. J. S., page 802, subsection c., it is stated: ''The right of the state to pass a Sunday law is not open to question. The enactment of Sunday regulations

is an exercise of the police power, and such regulations are constitutional in the same manner and to the same extent as other legislation legitimately resting on that power; * * *." This text further states in that connection that "The fact that a Sunday law may not be appropriate to the conditions now existing, although it was appropriate to the conditions at the time of its passage, does not affect its validity."

In subsection d., at page 802 of the same text it is stated that: "The grant of power to a city, by statute, to prohibit and suppress desecration of the Sabbath day is proper, since the proper body to define such desecration is the local authority in touch with the public sentiment of its community."

In fact the appellees do not challenge the constitutionality of Section 3374-133, supra, but they rely upon the general rule that a court of equity will not interfere to enjoin the commission of a crime, or the repetition of a commission thereof. ▮▮▮ But since we interpret this statute to mean that the city has authority to prohibit and suppress a course of criminal action and has the right to put an end to such action, we have concluded that the question at issue here is controlled by the said statute and not by the general rule relied upon by the appellees.

We have therefore concluded that the trial court was in error in sustaining a demurrer to the bill of complaint and dismissing the suit and that the cause should therefore be reversed and remanded in order that the facts may be fully developed upon a trial of the case on its merits.

Reversed and remanded.

*Hall, Lee, Kyle,* and *Holmes, JJ.,* concur.