WALTON et ux. *v.* CITY OF TUPELO, MISSISSIPPI

No. 41922          October 9, 1961          133 So. 2d 531

January 16, 1961                     125 So. 2d 922

*Barnett, Montgomery, McClintock & Cunningham,*
Jackson, for appellant.

*Bolton & Doty,* Tupelo, for appellee.

ETHRIDGE, J.

This is a suit to enjoin continuing violations of the Sabbath laws by defendants, Mr. and Mrs. Dale Walton, who operate a grocery store in Tupelo. We affirm the decree enjoining such actions.

The City of Tupelo filed a bill of complaint in the Chancery Court of Lee County against the Waltons. It made the following allegations: State statutes and city ordinances prohibit operation of a store on Sunday and make such acts misdemeanors. Walton and his wife have been operating a grocery store since 1954. He was given a permit to install gasoline pumps, with the understanding that his store would not be kept open on the Sabbath day, and he would not sell on such days. Soon thereafter he began to violate the agreement, and numerous charges for such violations were made. Walton was tried and convicted on such charges, but persisted, after repeated efforts of the City to get him to comply with the law. Walton continued to keep his store open and sell goods on Sundays. He was convicted sixty-six times of such violations, and his wife nine times. Repeated efforts of the City to get defendants to observe the law failed. Walton persisted, stating that he did not intend to stop. The Waltons live upstairs over their store, and have built screens in front of it to enable them to violate the law. By flaunting the authority of the City, he has hampered enforcement of city ordinances. The City has found it necessary to station a policeman across the street from the store on Sundays. It was charged that his actions were a desecration of the Sabbath day, and affected the efficiency of law enforcement in the City; that defendants' conduct required a succession and multiplicity of charges for violating the statute, and the City was without an adequate remedy at law. The bill prayed for an injunction prohibiting defendants from violating the Sabbath laws and desecration of that day.

The chancery court sustained a general demurrer to the bill, because no public nuisance was charged and equity has no power to enforce criminal laws by injunction. On appeal this decree was reversed and the cause remanded for trial on the merits. City of Tupelo v. Walton, 237 Miss. 892, 116 So. 2d 808 (1960). In that decision this Court held: (1) Miss. Code 1942, Rec., Sec. 3374-133 gives the city power to bring an action in chancery to "prohibit and suppress" desecration of the Sabbath; (2) under this statute, and where the facts show a continuing and obstinate violation of the Sabbath laws, with an inadequate remedy in the regular criminal courts, the chancery court has power to enjoin such violations; and (3) the bill of complaint stated a cause of action.

On remand, defendants filed an answer denying the charges. A trial was held, but the testimony is not before us in this record, since defendants elected not to give notice to the court reporter and include it in the record. Hence we must assume that the opinion and decree is supported by substantial evidence.

The chancery court found that, shortly after the Waltons opened their grocery store and filling station, they began to violate the Sunday laws prohibiting the sale of goods on that day. Walton was arrested and convicted on three charges in the city police court. Upon appeal, the city attorney nol prossed them upon Walton's agreement that he would cease such violations. Nevertheless, he has continued to violate the Sunday laws and has been arrested on many occasions since that time. He has been convicted fifty times in the city police court, all of these cases having been appealed to the circuit court. Of the two tried there, one resulted in a conviction and the other in a mistrial. The conviction was appealed to the Supreme Court and affirmed. Walton v. City of Tupelo, 229 Miss. 193, 90 So. 2d 193 (1956). Some of the appealed cases were dismissed by the city attorney upon another agreement by Walton that he

would cease violating the Sunday laws. He did not keep this agreement. The City posted a policeman across the street from Walton's property in an effort to prevent such violations, and Walton posted large signs deriding the City. Walton advertised over the radio that he was open seven days a week, and has said on several occasions that he does not intend to stop violating Sunday laws. Since the injunction was denied on the first trial, other operators of grocery stores in the City have begun selling on Sunday.

The chancellor found that Walton has a determination to operate his store on Sunday in violation of the statutes, and his acts constitute a desecration of the Sabbath. Hence the decree from which this appeal was taken enjoined defendants from keeping open on the Sabbath day their grocery store and selling goods from it, or in any other manner desecrating the Sabbath in the operation and conduct of the store. See 125 So. 2d 922 (Miss. 1961) (supersedeas on appeal denied.)

▉▉▉ Miss. Code 1942, Secs. 2368-2370, prohibit keeping open stores and the selling of merchandise on Sunday. Such actions constitute misdemeanors. Code Sec. 3374-78 was enacted in 1950 pursuant to a legislative reorganization of the municipal laws. It states: "All offenses under the penal laws of this state which are misdemeanors are hereby made, without further action of the municipal authorities, criminal offenses against the city . . . in whose corporate limits the offenses may have been committed . . ." This statute makes self-executing and applicable in a municipality misdemeanor statutes of the state. Simmons v. Town of Louin, 213 Miss. 482, 57 So. 2d 133 (1952); Sykes v. Crystal Springs, 216 Miss. 18, 61 So. 2d 387 (1952).

▉▉▉ The present action was brought in the chancery court under Code Sec. 3374-133: "The governing authorities of municipalities shall have the power to restrain, prohibit and suppress . . . desecration of the Sabbath

day . . ." Under Sec. 3374-78, the quoted act is self-executing, without the necessity of a municipal ordinance adopting it.

The decision of this Court on the first appeal, 237 Miss. 892, 116 So. 2d 808, constitutes the law of the case. Miss. College v. May, 128 So. 2d 557 (Miss. 1961); Goldsby v. State, 120 So. 2d 429 (Miss. 1960). It held that the bill stated a cause of action, and on the alleged facts the chancery court had power to prohibit and suppress desecration of the Sabbath, under Code Sec. 3374-133. We think that decision was correct, and the law established in it applies to the facts as found by the trial court.

Somewhat similar is Paramount-Richards Theatres, Inc. v. City of Hattiesburg, 210 Miss. 271, 49 So. 2d 574 (1950), where an injunction against theater owners operating on Sunday was sustained, under the authority of Sec. 3374-133, where there had been continuing defiance of the law and threats of violence in the community. The opinion referred to the circumstances as creating a common nuisance, but we do not construe that statement to mean that proper proceedings under Sec. 3374-113 must constitute a nuisance in the traditional sense in order to support an injunction for desecration of the Sabbath. That case held the city had the right to bring the suit, as did the first *Walton* case. Moreover, it is too late now to attack Sunday laws on constitutional grounds. Paramount-Richards Theatres, Inc. v. Hattiesburg, *supra;* McGowan v. State of Maryland, 366 U. S. 420, 81 S. Ct. 1101, 6 L. Ed. 2d 393 (1961).

There is no merit in appellants' contention that the chancery court had no jurisdiction over the subject-matter. Sec. 3374-133 gives that court such jurisdiction, by clear inference, as was held in *Paramount* and first *Walton.*

Warren v. State, 231 Miss. 343, 95 So. 2d 237 (1957), restricted a liquor nuisance injunction based on

a statute to certain premises. The statement was made that as a general matter a chancery court will not enforce criminal laws by injunction except to protect property and civil rights. In context that assertion is correct, but neither the reason nor policy for that rule apply here. The statute (Sec. 3374-133) gives a municipality the right to file an action in chancery to restrain, prohibit and suppress desecration of the Sabbath day. However, the right to such a remedy does not apply to a single or a small series of such violations, which could more properly be handled by prosecutions under the criminal laws. ▆▆▆ Considering the legislative intent together with traditional equity exercises of power, we think the municipal authorities must show that a defendant has engaged in a continuing and obstinate, extended series of violations of the Sunday laws with the intent and determination to continue such violations; that the city's traditional remedy in the criminal courts is wholly inadequate to stop them; and that a multiplicity of such prosecutions is ineffective. The findings and decree of the trial court (absent a record of the testimony) show that these standards of proof were met in the instant case.

Affirmed.

*McGehee, C. J.,* and *Kyle, Arrington* and *Rodgers, JJ.,* concur.

## ON MOTION FOR SUPERSEDEAS

GILLESPIE, J.

Appellants were enjoined by the chancery court from keeping open their store and from selling goods therefrom on the Sabbath Day. The chancellor denied an appeal with supersedeas and appellants filed an appeal without supersedeas. They then filed in this Court their petition for supersedeas.

Appellants contend that Sections 1147 and 1163, Mississippi Code of 1942, give them an absolute and unqualified right to appeal with supersedeas. ██ ██ Our cases are clear to the point that appeals to this Court with supersedeas in civil cases are matters of right only under Sections 1163, 1165 and 1167, Mississippi Code of 1942, and this only in three classes of cases: (1) Where there is a money decree or judgment, or (2) where there is a decree or judgment for the recovery or against the retention of specific property, or (3) where the decree directs the sale or delivery of possession of real estate. In all other cases the allowance of an appeal with supersedeas is a matter of discretion under the provisions of Code Section 1169. Sartin v. Barlow, 196 Miss. 159, 16 So. 2d 372; Orkin Exterminating Co. v. Posey, 218 Miss. 611, 67 So. 2d 526.

██ ██ Appellant argues that the injunction prohibits him from carrying on his business on Sundays and that this is a decree against the retention of specific property under the second class of cases referred to above. It is clear to us that no specific property is involved in the decree from which the appeal is prosecuted.

██ ██ This Court has the power to grant the supersedeas, but no showing is made that the chancellor abused his discretion when he denied it.

Petition denied.

*McGehee, C.J.*, and *Lee, Kyle* and *Rodgers, JJ.*, concur.