SKAG-WAY DEPARTMENT STORES, INC., A CORPORATION, APPELLANT, V. CITY OF OMAHA, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

140 N. W. 2d 28

Filed February 11, 1966. No. 36078.

Cunningham & Blackburn, for appellant.

Herbert M. Fitle, Frederick A. Brown, Edward M. Stein, Sebastian J. Todero, Walter J. Matejka, James E. Fellows, Allen L. Morrow, and P. A. Spenceri, for appellees.

Ray R. Simon, amicus curiae.

Heard before WHITE, C. J., CARTER, SPENCER, BROWER, and McCOWN, JJ.

CARTER, J.

This is an action by Skag-Way Department Stores, Inc., against the City of Omaha, its mayor, and chief of police to enjoin the threatened enforcement of Chapters 19.12 and 19.24 of the municipal code of the city of Omaha. The defendants filed an answer and cross-petition asserting the validity of the questioned code provisions and praying that the court so hold. The trial

court found for the defendants and dismissed the action. The plaintiff has appealed.

Section 19.12.010 of the code provides that it shall be unlawful for any person to sell, offer to sell, give away, or dispose of, in any way, any new or used clothing, shoes, jewelry, ready to wear items, or hardware, on Sunday; and all places of business from which such goods are ordinarily sold, as the main or primary businesses of such places, shall be closed on Sunday, provided that no restriction therein contained shall extend to those who conscientiously observe the seventh day of the week as the Sabbath and pursuant to such observation shall keep their places of business closed on the seventh day of the week commonly known as Saturday. Penalty provisions are then provided.

Section 19.24.010 provides that it shall be unlawful for any person on Sunday to open to the public, or to sell, or offer to sell, give away or dispose of in any way from any store, establishment, or location where groceries, fruits, or vegetables are sold, any groceries, fruits, vegetables, or articles ordinarily sold from a grocery, fruit, or vegetable store or stand, or to open any meat market, sell, offer to sell, or give away from such meat market, any meats or other products ordinarily sold or handled in meat markets, and all such stores, establishments, and meat markets shall be closed on said day, provided nothing contained therein shall extend to those who conscientiously observe Saturday as the Sabbath and pursuant to such observation shall close and keep closed their store or meat market on Saturday. Penalties are then imposed for a violation of this section of the code.

The plaintiff is engaged in the retail department store business in Omaha. It has for sale all of the articles of merchandise set out in the cited code provisions, and many more such as food and beverages for immediate consumption, petroleum products, gardening equipment, sporting goods, drugs, optical goods, radio and television

sets, dry goods, tobacco, confections, tools, and newspapers.

The authority of a city to enact ordinances under the police power for the preservation of the peace, good order, safety, and health of its inhabitants is not here questioned. State v. Somberg, 113 Neb. 761, 204 N. W. 788. The questions here raised are whether or not it can be said that the questioned provisions of the municipal code are for the preservation of the peace, good order, safety, and health of the city's inhabitants and, second, whether or not the provisions are discriminatory as to the sale of goods of the same class. Early cases in this country sustained Sunday closing on the theory that it was within the police power to promote a day of religious worship in that it promoted the health, peace, safety, and good order of society. This theory, in part at least, has been carried into the code sections presently before us. The sections appear to be grounded on the protection of a Sabbatical day rather than for the preservation of the peace, good order, safety, and health of the inhabitants of the city. The modern cases on the subject hold that Sunday closing laws based solely on Sunday as a Sabbatical day conflict with the First Amendment to the Constitution of the United States prohibiting any law respecting an establishment of religion, or prohibiting the free exercise thereof. We fail to see, and it has not been pointed out to us, how the Sunday closing ordinances before us have any relation to public safety, health, morals, or public welfare.

Changes in the economic order have brought new problems. The grocery, the meat market, and the drug store that sold only merchandise which their names implied are fast giving way to the department store, the chain store, and the supermarket. The classification of stores in accordance with commodities sold no longer provides a proper method of classification because the department store, chain store, and supermarket generally include all of the goods formerly sold

only in the "community stores." With the development of the new forms of retail business, the problems of classification correspondingly increase. The meaningful economic changes and their effect on the reasonableness of classification require a fresh look at an old question affected by these modern conditions.

Discriminations resulting from this type of ordinance have been discussed at length in previous cases before this court. Terry Carpenter, Inc. v. Wood, 177 Neb. 515, 129 N. W. 2d 475; Skag-Way Department Stores, Inc. v. City of Grand Island, 176 Neb. 169, 125 N. W. 2d 529. The same vices exist in the case before us as existed in those cases. Section 19.12.010 discriminates against a clothing store owner when he is required to be closed on Sunday but his competitor may sell clothing on Sunday if it is not his "main or primary business." Section 19.24.010 provides that groceries, meats, fruits, and vegetables may not be sold on Sunday and requires the closing of any store on Sunday that sells such goods, while other nonharmful merchandise such as dairy products, bakery goods, and other wholesome foods remain free to be sold on Sunday. As we said in Skag-Way Department Stores, Inc. v. City of Grand Island, *supra:* "Reason cannot explain how the sale of a loaf of bread, a pair of gloves, a child's toy, or a greeting card on Sunday affects the health, peace, and good order of society."

A Sunday closing ordinance under the police power will be sustained where it relates itself to the health, safety, peace, and good order of the inhabitants. But where the sole purpose of an ordinance is to use the authority of the state under its police power to lend its aid to support religious observance, it does not relate itself to the health, safety, peace, and good order of society. If the real purpose of these ordinances was to promote religious observance, it is difficult to understand why the legislation excludes from its scope those businesses which sell sporting goods, amusements, and other items of harmless merchandise which contribute

more to religious laxity than do those included within the ordinance provisions. The difficulties of classification under modern conditions lead us more in the direction of individual persuasion and private conscience as the proper solution of this complex problem. And it might well be said that it is not the province of the state and its subdivisions in the exercise of its police power to invade the realm of private conscience except where it is incidental to the proper exercise of the police power.

Reliance is placed on the theory that Sunday closing laws provide a day of rest one day of seven and that this relates to the health of the public subject to the law. In this connection it is also contended that it tends toward the preservation of family life and that the "togetherness" of the family is for the public welfare. In this connection we point out that the ordinances before us are to be applied only to a small segment of the population and they exclude from the penalty provision a great many others in the same class. We can see no reason why one day of rest in seven days, or the "togetherness" of families, relates to health, safety, peace, and good order of society as to those named in the ordinances, when a multitude of others in the same class engaged in manufacturing, construction, maintenance, service enterprises, farm labor, and professional work, are not so affected. The ordinances are discriminatory to those included in the ordinances as against those not included, who are subject to the same objects to be attained by the legislation. The classification and object to be accomplished must be germane. Continental Ins. Co. v. Smrha, 131 Neb. 791, 270 N. W. 122. The real purposes of the ordinances are not to provide a uniform day of rest, nor to promote family unity, nor to encourage religious observances. Their real purposes are to enlist the power of the state to protect business interests. We submit that the ordinances are discriminatory as to those businesses included within its terms as against those who

labor or sell merchandise no less harmful or no less against the public interest. The record fails to disclose a reasonable classification of persons for legislation concerning them. No real differences in situation and circumstances surrounding the members of the class are shown which reasonably differentiate it from others in the same class which are not included within the provisions of the ordinances. Discrimination is the very essence of classification and an ordinance is constitutionally objectionable unless grounded upon reasonable distinctions. A city ordinance providing for Sunday closing cannot prohibit that which is harmless in itself, or require that to be done which does not promote the health, safety, peace, and good order of society. Skag-Way Department Stores, Inc. v. City of Grand Island, *supra*; Terry Carpenter, Inc. v. Wood, *supra*.

We reaffirm our previous holdings that Sunday closing laws may be proper subjects of legislation. But their validity is dependent upon reasonable classification for purposes of legislation. A portion of a class may not be legislated against unless there are reasonable distinctions that warrant it to be treated as a class for purposes of legislation. United States Cold Storage Corp. v. Stolinski, 168 Neb. 513, 96 N. W. 2d 408. While it is true that our earlier cases upheld classifications to which Sunday closing was applied, it was under conditions then existing that avoided unfair discriminations. But because of the economic changes that have come about, particularly in the business retail field, the basis of former classification has disappeared. This poses a complex problem for legislative bodies and requires reconsideration by the courts in view of the changed conditions. The ordinances before us indicate an intent to promote religious considerations inherent in the provision permitting closing on Saturday by those who conscientiously observe Saturday as their Sabbath. But we do not place this decision on that ground. We put it on the ground that the ordinances are not related to the health, safety,

peace, and good order of society and, even if they did so relate themselves, they are discriminatory as to those in the same class. We hold that the prior decisions of this court based on conditions which no longer exist are inapplicable to modern conditions which present new factual situations. When prior decisions of a court are based on distinctions and circumstances which no longer exist, it is the province of the courts to reexamine their holdings in the light of changed conditions and circumstances in determining the constitutionality of legislation.

We think the trial court was in error in holding the ordinances valid. We reverse the judgment of the district court and remand the cause with directions to sustain the prayer of plaintiff's petition.

REVERSED AND REMANDED WITH DIRECTIONS.