MARGUERITE MILLIKAN *et al.*, Plaintiffs-Appellees, *v.* SHIRLEY JENSEN, as VILLAGE CLERK of the VILLAGE OF VIOLA *et al.*, Defendants-Appellants.

(No. 71-150; 

Third District—April 6, 1972.

Edward B. Love, of Monmouth, for appellants.

Isador I. Katz, of Rock Island, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

Prior to May 10, 1971, Defendant Village had no ordinance regulating dances but on that date enacted an ordinance providing that no person shall conduct a public dance in the Village without first having obtained a permit and, among other things, the ordinance stated in Sec. 4, "No such public dance shall be conducted on Sundays". In September, plaintiffs filed a Complaint for Declaratory Judgment and Injunction asserting the above facts and that Marguerite Millikan owned the Opera House and Randy Millikan had conducted Sunday public dances in the Viola Opera House many times prior to the enactment of the Ordinance, that they had applied September 13, 1971, for a permit to conduct a public dance on Sunday, September 19, 1971, which was refused, that there was no other ordinance of said Village restricting other public amusements on Sundays; that said ordinance, so far as it seeks to prohibit thereunder the conduct of a dance on Sunday is beyond the power of the Village to enact, in that no statute grants such power, and that such Sunday prohibition is arbitrary and void and is in violation of both State and Federal Constitutions. The Complaint prays, A. That Sec. 4 of the ordinance be declared null and void, B. That the Mayor and Clerk be compelled to issue a permit for Sunday dances upon filing of an application and payment of permit fees, and C. That the defendants be restrained from interferring with the holding or conducting of public dances on Sundays in the Village Opera House, subject to existing rules and regulations or ordinances otherwise and that the said injunction be issued forthwith *pendente lite*.

Defendants filed a Motion to Dismiss the complaint or, in the alternative, to strike prayers B and C and a portion of the complaint which contained conclusions of law. The Mayor and Clerk also gave an affidavit which in substance said: 1. They are the defendants. 2. They make affidavit to support the Motion to Dismiss. 3. Plaintiff did not, at all after May 10, 1971, have dances in the Opera House. 4. The copy of the

ordinance attached to complaint was incorrect and a correct one is attached. 5. Plaintiffs do not have a proprietary interest in using the Opera House for a gainful purpose which violates said ordinance. 6. That the Village and the State of Illinois does not treat or regard public dances the same as public amusements, entertainments or sports, but regard and treat public dances as unique and 7. There has been no threat to prevent plaintiffs from conducting dances on Sundays and that the attempt of plaintiffs to conduct a public dance on Sunday will not subject plaintiffs to arbitrary and oppressive charges. No other responsive pleading was filed by defendants.

After notice and hearing of the prayer for temporary relief, the trial court ordered a temporary injunction restraining defendants from enforcing the Sunday ban on public dancing. This appeal is from that order.

The issues as stated by defendants are whether a temporary injunction can be ordered, (1) Upon traversed facts set forth in the complaint which (2) fails to allege clearly, a. no adequate remedy at law, b. an irreparable injury, c. confiscation of property without due process, d. multiplicity of suits, (3) which fails to allege clearly facts which overcome the presumption that the ordinance is valid, (4) which injunction reverses the status quo and (5) is mandatory in affirmatively compelling defendants to issue a permit for Sunday dances.

■■ "Traverse" signifies a denial of material facts alleged in an adverse pleading. It is quite true that ordinarily a temporary injunction cannot be predicated solely upon the pleadings where the material factual issues are controverted. (*McFetridge v. First Commercial Bank*, 28 Ill.App.2d 512.) But here defendants simply failed to deny any material facts alleged in the complaint and the trial court quite properly took them as uncontroverted. Further, in the absence of an answer, affidavits opposing the issuance of a temporary injunction should not be considered. 21 I.L.P. Injunctions, Sec. 128.

■■ Issues (2) a,b,c and d as stated and argued by the defendants go to the remedy. We find that the proper remedy was pursued here.

■■ "If the plaintiff, however, alleges that one or more of the conditions required for a license are invalid, he may proceed either by *mandamus* or by injunction." (*American Civil Liberties Union v. Chicago*, 3 Ill.2d 334, 352.) "The Plaintiff's complaint details a legal dispute between the plaintiffs and the several defendants sufficiently to withstand a motion to dismiss. The availability of other remedies and the intention to obtain additional relief \* \* \* do not preclude the form of action chosen by plaintiffs. The language of the statute and the interpretation given

584

it by our courts evince a purpose to maintain the scope of declaratory relief broad and liberal and not restricted by technicalities." (*Young v. Hansen*, 118 Ill.App.2d 1.) "In accordance with the provisions of the declaratory judgment statute, where an actual controversy exists a declaration of the rights of the parties interested may be made at the instance of any one interested with respect to the construction of any statute, municipal ordinance, or other governmental regulation. * * * Moreover, a declaratory judgment action ordinarily is a proper method of testing the validity or constitutionality of a statute or ordinance * * *." 16 I.L.P. Declaratory Judgments, Sec. 24.

■■ In a proper case, the court may be authorized to grant a preliminary injunction or other appropriate preliminary relief to maintain the *status quo* during the pendency of an action for declaratory relief. *Farm to Market Truckers Assn. v. Perrine*, 21 Ill.App.2d 118; H.K.H. *Development Corp. v. Metropolitan Sanitary District of Greater Chicago*, 47 Ill.App.2d 46; 22 Am.Jur.2d Declaratory Judgments Sec. 100.

■■ The *status quo* is the last actual peaceable, noncontested status which preceded the pending controversy. (*O'Brien v. Matual*, 14 Ill. App.2d 173; Annotation: 15 ALR.2d 237.) The last such status herein is obviously the passage of the ordinance.

■■ Defendants also argue that plaintiffs have no property right. The rights guaranteed by the constitution include the right to pursue such occupation or business as he may choose, and to use his property in his own way and for his own purposes, subject only to the restraint necessary to secure the common welfare. *Fr. Basil's Lodge v. City of Chicago*, 393 Ill. 246.

Come now to the real issue of the case. The question is not simply whether dances may be classified separately for the purpose of regulation. (See *Condon v. Village of Park Forest*, 278 Ill. 218, 224; *Chicago v. Green Mill Gardens*, 305 Ill. 87, 95, 96.) It is whether they may be classified alone for the purpose of a Sunday closing law. We are not concerned here with comprehensive Sunday closing laws and the cases involving their validity. The question concerns the classification rather than the prohibition. *Courtesy Motor Sales v. Ward*, 24 Ill.2d 82, "The basic purpose of Sunday closing laws is to provide a uniform day of rest for all citizens."

"Does the classification made by the ordinance, i.e., the conducting of public dances, as distinguished from the doing of other kinds of business, have a rational connection with preserving Sunday as a day of rest? The need for observing Sunday as a day of rest is not unique to those engaged in conducting dances, nor can we see any way in which the purpose of a Sunday law is promoted by prohibiting dancing that is not equally

present in a prohibition of other businesses." *Courtesy Motor Sales v. Ward, supra,* paraphrased.

The judgment of the Circuit Court of Mercer County is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.