313 So.2d 20 (1975)
GENESCO, INC., d/b/a Kress, et al., Appellants-Defendants,
v.
J. C. PENNEY CO., INC., et al., Complainants-Appellees.
No. 48046.
Supreme Court of Mississippi.
May 19, 1975.
Sharp & Fisher, Corinth, for appellants.
Cunningham & Smith, Booneville, for appellees.
Before PATTERSON, SUGG and BROOM, JJ.
*21 PATTERSON, Justice, for the Court:
This appeal arises from a decree of the Chancery Court of Alcorn County enjoining the appellants from selling or offering for sale on Sunday any item of merchandise not specifically exempted by Mississippi Code Annotated section 2369-03 (1942) [now Miss. Code Ann. § 97-23-67 (1972)].
J.C. Penney Company, Inc.; Belk-Hudson Company, Mississippi Incorporated; Sam Shainberg Company of Corinth, Inc.; and Sterling Department Stores of Mississippi, Inc., the appellees, each operate retail variety stores in the city of Corinth. On September 22, 1972, they filed bills for injunction against Genesco, Inc., d/b/a Kress, its store manager Gene Jackson; and Big K Corinth, Inc., and its store manager Robert Wisener, now appellants, who either own or operate retail variety merchandise stores in Corinth.
These causes were combined and tried in one hearing. The bills averred that the appellants had sold merchandise on various Sundays in violation of Section 2369-03 (now § 97-23-67), commonly known as the Blue Laws. The evidence is uncontradicted and discloses the appellants sold various items, including pantyhose, men's dress hose, sport hose, paperback books, girls' socks, men's ties, picture frames, shoes, ladies' dresses and similar items on various Sundays in 1972.
The testimony offered for the temporary injunction was, by stipulation, also the proof for the permanent injunction. After considering the evidence, a temporary injunction was issued restraining the Sunday sales. Subsequently, a motion to dissolve the injunction was overruled by the court and the temporary injunction was made permanent. From such decree this appeal is taken.
A reversal is sought from the premise following: The classification of commercial activities and commodities allowed to be sold or offered for sale on Sunday under Sections 2369-03 and 2369-04 (now §§ 97-23-67 and 97-23-69) is not a valid exercise of the state's police power since it is unreasonable, arbitrary, capricious, discriminatory and oppressive and violates the "due process" clause of the United States and Mississippi Constitutions and denies appellants equal protection of the laws.
The Fourteenth Amendment to the United States Constitution, Section 1, provides:
All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
Article 3, Section 14, Mississippi Constitution (1890) provides:
No person shall be deprived of life, liberty, or property except by due process of law.
The Sunday "Blue Laws," the issue of this suit, have been before the courts on numerous occasions. The essence of such trials has been the resolution of whether the "Blue Laws" are a valid exercise of the police power of the states. In Soon Hing v. Crowley, 113 U.S. 703, 5 S.Ct. 730, 28 L.Ed. 1145 (1884), the United States Supreme Court affirmed the constitutionality of such laws, stating:
... Laws setting aside Sunday as a day of rest are upheld, not from any right of the Government to legislate for the promotion of religious observances, but from its right to protect all persons from the physical and moral debasement which comes from uninterrupted labor. Such laws have always been deemed beneficent and merciful laws, especially to the poor and dependent to the laborers in our factories and workshops and in the heated rooms of our cities; and their *22 validity has been sustained by the highest courts of the states. (Emphasis added.) 113 U.S. at 710, 5 S.Ct. at 734, 28 L.Ed. at 1147.
The appellants contend, however, that the work conditions of 1884 no longer exist and the Court's reasoning for the previous opinion, supra, would not presently justify the same result. In advancing this argument the appellants acknowledge that a state has the prerogative under its police power to govern men within constitutional limitations and to prohibit things thought to be harmful to public peace, health, morals and convenience, citing Barnwell, Inc. v. Sun Oil Co., 249 Miss. 398, 162 So.2d 635 (1964), and similar cases.
The point next made is that the police power cannot be exercised in an arbitrary, capricious and unreasonable manner or in any way which is discriminatory to any particular class or segment of the populace and retain its constitutionality, citing Mississippi Milk Comm'n v. Vance, 240 Miss. 814, 129 So.2d 642 (1961), and other cases.
From this perspective the argument for upholding the constitutionality of the Sunday closing laws, i.e., setting aside a day of rest and recreation under the police power of the state, loses its validity, it is contended, since a close analysis of the statutes reveals that the beneficent and merciful purposes intended will not be accomplished.[*] The statute permits, according to the appellants' contention, the following work activities on Sundays by businesses or individuals: Motels, flower shops, bakeries, drug stores, garages, plumbers, electricians, service stations, sporting goods stores, green houses, garden shops, veterinarians, smoke shops, news stands, book stores, grocery stores, souvenir shops, boating stores, restaurants, candy stores, bottling companies, oil distributors, bake shops, theaters, funeral homes, milk distributors, feed mills and any others that sell or offer for sale any of the commodities exempted in the statutes.
The thought is advanced that from this maze of permitted activities it would be difficult, if not impossible, for a reasonable person to visualize that a day of rest and recreation would be forthcoming for thousands of citizens directly connected with any of the above businesses or activities, and since this is true, there is no reasonable relation between the enactment and the legislative objective of promoting the health, recreation and welfare of the state. Miss. Code Ann. § 2369-06 (1942) [now Miss. Code Ann. § 97-23-73 (1972)].
Decisions from other states cited by the appellants are extremely persuasive to their point of view, notably Skag-Way Department Stores, Inc. v. City of Omaha, 179 Neb. 707, 140 N.W.2d 28 (1966), wherein the following statement is found:
Reliance is placed on the theory that Sunday closing laws provide a day of *23 rest one day of seven and that this relates to the health of the public subject to the law. In this connection it is also contended that it tends toward the preservation of family life and that the "togetherness" of the family is for the public welfare. In this connection we point out that the ordinances before us are to be applied only to a small segment of the population and they exclude from the penalty provision a great many others in the same class. We can see no reason why one day of rest in seven days, or the "togetherness" of families, relates to health, safety, peace, and good order of society as to those named in the ordinances, when a multitude of others in the same class engaged in manufacturing, construction, maintenance, service enterprises, farm labor, and professional work, are not so affected. The ordinances are discriminatory to those included in the ordinances as against those not included, who are subject to the same objects to be attained by the legislation. The classification and object to be accomplished must be germane. Continental Ins. Co. v. Smrha, 131 Neb. 791, 270 N.W. 122. The real purposes of the ordinances are not to provide a uniform day of rest, nor to promote family unity, nor to encourage religious observances. Their real purposes are to enlist the power of the state to protect business interests. We submit that the ordinances are discriminatory as to those businesses included within its terms as against those who labor or sell merchandise no less harmful or no less against the public interest. The record fails to disclose a reasonable classification of persons for legislation concerning them. No real differences in situation and circumstances surrounding the members of the class are shown which reasonably differentiate it from others in the same class which are not included within the provisions of the ordinances. Discrimination is the very essence of classification and an ordinance is constitutionally objectionable unless grounded upon reasonable distinctions. A city ordinance providing for Sunday closing cannot prohibit that which is harmless in itself, or require that to be done which does not promote the health, safety, peace, and good order of society. Skag-Way Department Stores, Inc. v. City of Grand Island, [176 Neb. 169, 125 N.W.2d 529] supra; Terry Carpenter, Inc. v. Wood, [177 Neb. 515, 129 N.W.2d 475] supra. (Emphasis added.) 179 Neb. at 712, 140 N.W.2d at 32.
See also Spartan's Industries, Inc. v. Oklahoma City, 498 P.2d 399 (Okl. 1972); Millikan v. Jensen, 4 Ill. App.3d 580, 281 N.E.2d 401 (1972); State v. Greenwood, 280 N.C. 651, 187 S.E.2d 8 (1972); Skaggs Drug Centers, Inc. v. Ashley, 26 Utah 2d 38, 484 P.2d 723 (1971); and West v. Winnsboro, 252 La. 605, 211 So.2d 665 (1967). The expressions in Skag-Way, supra, encompass the prevailing attitude of the various state courts that have held the "Blue Laws" to be unconstitutional, a repetition of which would burden rather than enlighten the reader.
Although the statute under consideration has been amended since Walton v. City of Tupelo, 241 Miss. 894, 133 So.2d 531 (1961), was decided, nevertheless we think the statements therein upholding an injunction prohibiting Sunday sales persuasive. In Walton, supra, this Court stated in upholding an injunction prohibiting Sunday sales the following:
... Moreover, it is too late now to attack Sunday laws on constitutional grounds. Paramount-Richards Theatres, Inc. v. Hattiesburg, supra [210 Miss. 271, 49 So.2d 574 (1950)]; McGowan v. State of Maryland, 1961, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393.
241 Miss. at 903, 133 So.2d at 533.
The trial court in this case relied heavily upon McGowan v. State of Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961), as the authority for the constitutionality *24 of the "Blue Laws" and in support of the injunction. We note that McGowan was followed by the United States Supreme Court in Gallagher v. Crown Kosher Supermarket of Massachusetts, 366 U.S. 617, 81 S.Ct. 1122, 6 L.Ed.2d 536 (1961), a case arising from Massachusetts; Two Guys from Harrison-Allentown v. McGinley, 366 U.S. 582, 81 S.Ct. 1135, 6 L.Ed.2d 551 (1961), from Pennsylvania; and Braunfeld v. Brown, 366 U.S. 599, 81 S.Ct. 1144, 6 L.Ed.2d 563 (1961), also from Pennsylvania; and that decisions from the following states are in accord: Connecticut, Delaware, Illinois, Iowa, Maine, Maryland, Michigan, Pennsylvania, South Carolina, Virginia, Kentucky, Missouri and Texas.
In McGowan it was held that the Fourteenth Amendment permits the states a wide scope of discretion in enacting laws which affect some groups of citizens differently from others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the state's objective. More importantly, it held that state legislatures are presumed to have acted within their constitutional powers despite the fact that, in practice, their laws would result in some inequality. It further held that a statutory discrimination will not be set aside as unconstitutional if there exists a state of facts reasonably conceived to justify it.
In Skag-Way, supra, the Nebraska court found the real purpose of the ordinances under consideration was neither to provide a uniform day of rest, or to promote family unity, or to encourage religious observances, but rather to enlist the power of the state to protect business interests. Therefore, the Court held they were discriminatory as to those businesses included within their terms as against those who labor or sell merchandise no less harmful or no less against the public interest. From the facts and statutes before us we are of the opinion that we cannot indulge such presumption.
It is uncontradicted that the employees of the appellants engaged in the Sunday activities of their employers upon a voluntary basis, leaving no leeway for a finding that they were discriminated against by being subjected to Sunday employment for the convenience of others whose businesses or professions were not exempt by statute. The legislature, in its wisdom, stated that the purpose in enacting the "Blue Laws" is for the promotion of the health, recreation and welfare of the state. Miss. Code Ann. § 2369-06 (1942) [now Miss. Code Ann. § 97-23-73 (1972)]. We have no reason to doubt that the legislature meant precisely what it stated. Moreover, if there had been an absence of express words stating the purpose, the presumption would have been that the legislature acted within constitutional limitations.
The "Blue Law" statutes are of course subject to abuse and may, or more likely will, in some instances permit discrimination. However, the record and the statutes are barren of any substance indicative of invidious discrimination as to class or person and this is the ultimate test upon which the issue turns.
Local tradition and custom are important in preserving the repose of the citizenry of the state and as such are subject to legislative enactment reasonably intended to promote the health, recreation and welfare of the community by their preservation. Absent any evidence of invidious discrimination in the facts or from a study of the legislation, or in its enforcement, we conclude the statutes are constitutional and that the decree of the trial court should be affirmed.
Affirmed.
GILLESPIE, C.J., RODGERS, P.J., and INZER, ROBERTSON and WALKER, JJ., concur.
SMITH, J., took no part.
NOTES
[*] Miss. Code Ann. § 97-23-67 (1972) [formerly Miss. Code Ann. § 2369-03 (1942)]:

On the first day of the week, commonly known as Sunday, it shall be unlawful for any person to sell or to offer for sale, or to employ others to sell or to offer for sale, or to engage in the business of selling or offering for sale, any wares or merchandise, goods or chattels, except the following: drugs, vitamins, medicines, medicinal and surgical supplies and appliances, sickroom supplies and sanitary goods; veterinary supplies and requisites; ice, ice cream, ices, confectionery, food, condiments, refreshments and beverages; newspapers, periodicals, books, maps, and pamphlets; tobacco products and smoker's supplies; films, flash bulbs and batteries; fuses and light bulbs; sunglasses; gasoline, motor fuels, fuel additives, lubricants and anti-freeze; replacement parts or equipment when installed in making repairs on motor vehicles, trailers, farm implements, boats, and aircraft, and on plumbing, heating, cooking, cooling or electrical devices or equipment; cooking, heating, lighting and industrial oils, gases and other fuels; electricity, water and steam; bait; ammunition; accessories and equipment (other than clothing) designed specifically for golf, tennis, boating, fishing, hunting, or other specific sport or athletic activity; funeral and burial supplies; feeding and sanitary supplies for infants; toiletries and shaving and grooming supplies (except power-operated devices); articles customarily sold as souvenirs and mementos; postcards and correspondence supplies; garden and lawn supplies.