512 So.2d 687 (1987)
Craig Barksdale McINTIRE
v.
W.S. MOORE and the Chemical Dependency Center of the Mississippi Baptist Medical Center.
No. M-2452.
Supreme Court of Mississippi.
September 2, 1987.
John R. McNeal, Gilmer Law Firm, Jackson, for appellant.
W.S. Moore, Jackson, for appellee.

ON PETITION FOR WRIT OF HABEAS CORPUS AND OTHER RELIEF
ROBERTSON, Justice, for the court:
This matter is before the Court this day on the application of Craig Barksdale McIntire for stay, pending appeal, of an order that he surrender himself to the Chemical Dependency Center, Mississippi Baptist Medical Center (MBMC), in Jackson, Mississippi, for treatment for alcoholism.
Procedurally, McIntire styles his application as a Petition For Writ Of Habeas Corpus Or Other Relief. In essence, he seeks a stay of enforcement of the judgment of the Chancery Court of the First Judicial District of Hinds County, pending his appeal to this Court. The Chancery Court denied such a stay by order entered August 20, 1987, which directed that McIntire remain confined in the Chemical Dependency Center, MBMC, pending appeal and further order.
McIntire insists that he is entitled to a stay pending appeal as a matter of right, subject only to his posting a supersedeas bond. He calls to our attention Miss. Code Ann. § 41-32-9 (Supp. 1986) which provides as follows:
Any person who shall be ordered to be committed to a private treatment facility as provided in this chapter, and who shall feel aggrieved at such decision, may appeal therefrom to the supreme court of this state by giving notice thereof in the manner provided by law and by furnishing a good and sufficient bond in an amount to be fixed by the chancellor, and to be approved by the clerk of said court, such bond to be conditioned to pay all costs of the proceedings and the appeal, and that said person will appear to abide the decision of the court on such appeal. On such appeal, the record shall be made and prepared as in other cases, *688 and all of the provisions of the general law shall apply thereto except that it shall be necessary that the proper notice be given and the requisite bond furnished within five (5) days from the date of the final determination of the chancellor. [Emphasis supplied]
Of importance is the statutory language: "On such appeal, ... all of the provisions of the general law shall apply... ." The general law in this respect would, of course, be our rules generally applicable to stays of judgment pending appeal via supersedeas or otherwise. For these rules we consult in part Rule 62, Miss.R.Civ.P.[1] When we do so, however, we confront a certain circularity in the law, for Rule 81(a)(6), Miss.R.Civ.P., provides in substance that the Civil Rules govern only to the extent the matter is not governed by statute. Compare Mississippi State Bar v. Attorney L, 511 So.2d 119, 122 (Miss. 1987); In Re City of Ridgeland, 494 So.2d 348, 354 (Miss. 1986). Fairly read, Rule 81(a)(6) kicks us back to Section 41-32-9 which in turn refers us to the provisions of the general law, hence a chicken and egg genesis problem.
Our dilemma  and the question of whether one ordered committed for chemical dependency treatment under Miss. Code Ann. §§ 41-32-1, et seq. (Supp. 1986) is entitled to supersedeas or stay pending appeal as a matter of right  must be resolved by reference to the general purposes latent within the most rational reading the statute may be given. One such purpose is protection of the admittedly complex interests of the individual who by virtue of chemical dependency is in need of immediate care and treatment, and, where necessary, detention. A part of that protection is found in the statute's concern that due process be afforded, process designed to enhance the reliability of fact finding in particular and adjudication in general, for the individual's liberty interests are clearly implicated. A part of that concern for due process is reflected in Section 41-32-9 which provides for an appeal to this Court from a commitment order.
On the other hand, the very nature of acute chemical dependency is such that immediate intervention is often necessary. It is a fact of life that appeals take time, often a great deal of time. If a person truly is in need of immediate care and treatment, granting a stay of an order of commitment could render the entire commitment process ineffective. Our general law in other contexts has recognized that supersedeas or stay should not be allowed where it would have the effect of defeating thereby the purpose embedded in the statutory scheme. Sartin v. Barlow, 196 Miss. 159, 167, 16 So.2d 372, 375 (1944).
An analogous proceeding is that for commitment of a person in need of mental treatment wherein we find it provided by statute that appeals of commitment orders "shall be without supersedeas." Miss. Code Ann. § 41-21-83 (Supp. 1986). The reasons why the power to deny supersedeas should be vested in the chancery court in the case of one committed for treatment of alcoholism are comparable to those reasons existing in the case of one committed for treatment for mental illness. The mental illness commitment statute exerts an electromagnetic force upon today's statute which we sensibly ought respect.
If, however, the statute, Section 41-32-9, provided for entitlement to stay or supersedeas as a matter of right, McIntire would be entitled to relief. McIntire claims that the statute should be so read, pointing to the language that provides for an appeal of right and for the filing of good and sufficient bond conditioned, inter alia, "that said person will appear to abide the decision of the court on such appeal." This is supersedeas talk. Regrettably, it is also ambiguous talk. Not only does the statute provide no automatic right of stay or supersedeas, a conditional or discretionary authority may only be implied, not found expressed.
*689 McIntire concedes that the statute is ambiguous but argues that the ambiguity should be resolved in favor of protection of his liberty interest. We disagree. The ambiguity in such circumstances should be resolved in a manner consistent with the best and most rational reading which may be given the entire statutory scheme. The statute makes most sense when it operates to provide for a sensitive balancing of the necessity for prompt and effective intervention in the lives of those in need of treatment for chemical dependency, on the one hand, with the individual's liberty interest, on the other. An automatic right of supersedeas or stay is inconsistent therewith.
These things said, we hold that matters of stay or supersedeas and the conditions thereof are discretionary within the Chancery Court when an appeal is taken under Section 41-32-9.
By an opinion filed August 14, 1987, the Chancery Court found that McIntire should be committed immediately to the Chemical Dependency Center, MBMC. By order of August 20, 1987, the Court provided that McIntire should "remain confined" in the Chemical Dependency Center. These orders were within the Chancery Court's discretionary authority. Upon our review of this matter, we cannot say that the Chancery Court abused its discretion. Orkin Exterminating Co. of Memphis v. Posey, 218 Miss. 611, 614, 67 So.2d 526, 528 (1953). Accordingly, the application of relief pending appeal is denied.
PETITION FOR WRIT OF HABEAS CORPUS OR OTHER RELIEF DENIED
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] See also Walton v. City of Tupelo, 241 Miss. 894, 905, 125 So.2d 922, 923 (1961); Orkin Exterminating Co. of Memphis v. Posey, 218 Miss. 611, 614, 67 So.2d 526, 528 (1953); Sartin v. Barlow, 196 Miss. 159, 167, 16 So.2d 372, 375 (1944); and Official Comment to Rule 8, Miss. Sup.Ct.Rules, effective January 1, 1988.