# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-01762-COA

ARCHIE BECKWORTH                                                  APPELLANT

v.

ANN BECKWORTH                                                      APPELLEE

DATE OF JUDGMENT:            11/19/2019
TRIAL JUDGE:                 HON. W. ASHLEY HINES
COURT FROM WHICH APPEALED:   SUNFLOWER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      ALSEE McDANIEL
ATTORNEY FOR APPELLEE:       JANE E. TUCKER
NATURE OF THE CASE:          CIVIL - REAL PROPERTY
DISPOSITION:                 AFFIRMED IN PART; REVERSED AND
                             REMANDED IN PART - 02/22/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.     This appeal originates from an eviction action filed by Ann Beckworth against her brother, Archie Beckworth, in the Justice Court of Sunflower County on July 26, 2019. After the justice court ruled in Ann's favor, Archie appealed to the Sunflower County Circuit Court. After a de novo trial, the circuit court upheld the justice court's ruling, ordering Archie to vacate the premises.

¶2.     Aggrieved, Archie appeals the circuit court's decision. Finding the circuit court committed reversible error in excluding evidence of equitable estoppel based on the statute of frauds, we reverse and remand for further proceedings. We affirm the court's denial of Archie's motion to establish a supersedeas bond.

**FACTS AND PROCEDURAL HISTORY**

¶3.    Ann bought the property that is the subject of this appeal on February 2, 2011, and is the sole record owner. Although Archie was living in Chicago, Illinois, at the time Ann purchased the property, he began making monthly payments of $325 to Ann. Three years later, Archie moved to Mississippi and started living in the residence with Ann, continuing to make monthly payments to her.

¶4.    In May 2019, Ann notified Archie by certified mail to remove his personal belongings from the property. She subsequently filed an eviction action with the justice court, alleging that Archie was a tenant, "renting a room" in the residence where both parties lived. On August 20, 2019, the justice court issued a judgment in Ann's favor, giving Archie thirty days to remove any personal property from the subject property. Archie appealed the justice court's ruling to the circuit court on September 19, 2019. He also filed a motion to stay the judgment pending the appeal, claiming that Ann did not have legal authority to remove his personal property from the residence because Archie was "not a tenant on the premises . . . [but] has an ownership interest in the real property upon which the personal property is situated that [Ann] seeks removal."

¶5.    A trial was held on November 4, 2019. Ann reiterated her claim that Archie was merely renting a room from her. Archie, however, insisted that the two siblings had an oral agreement to be co-owners of the subject property and that the monthly payments were toward purchasing the home, not rent. Citing the statute of frauds, the circuit court refused to allow Archie to submit any evidence to support his claim of equitable estoppel. Finding

2

that Ann was "the sole owner of the home" and that Archie was Ann's tenant, the court entered its judgment on November 19, 2019, ordering Archie "to vacate the home" within ten days. The circuit court further denied Archie's motion to stay the judgment pending appeal on December 3, 2019. The following day, Archie filed a motion to establish a supersedeas bond for appeal pursuant to Rule 8 of the Mississippi Rules of Appellate Procedure, which the circuit court denied because the case did not involve a money judgment.

## DISCUSSION

I.    **Whether it was reversible error for the circuit court to exclude evidence of equitable estoppel based upon the statute of frauds.**

¶6.    Archie claims that "[t]he failure to enforce the agreement in this cause would result in a detriment to [him] and unjust enrichment to [Ann] in the approximate amount of $35,000 based upon said payments by [Archie]." Thus, Archie sought to introduce evidence of equitable estoppel at trial in order to demonstrate that he and Ann had an oral agreement that his payments were to purchase the subject property.[1] Ann's counsel objected to the introduction of the evidence, asserting that because there was no agreement in writing, Archie's claim was barred by the statute of frauds.[2] The circuit court sustained the objection

---

[1] On November 7, 2019, Archie filed an "Offer of Proof" with the court to support his claim of equitable estoppel, asserting that he had relied upon Ann's "promise and agreement to purchase the property herein and to place his name on the deed after the purchase[.]"

[2] Mississippi's statute of frauds requires a contract for the sale of land to be in writing and "signed by the person to be charged therewith . . . ." Miss. Code Ann. § 15-3-1(c) (Rev. 2019).

3

on this basis and excluded any evidence of equitable estoppel submitted by Archie.

¶7.     The Mississippi Supreme Court has expressly held:

> Without doubt, our statute of frauds provides that no contract for the conveyance of an interest in land is binding unless signed by the party to be charged. Miss. Code Ann. § 15-3-1(c) (1972). *Equitable estoppel, however, is a well-established exception to our statute of frauds.* Our cases have repeatedly held that, where the elements of equitable estoppel are present, the statute of frauds constitutes no bar to enforcement of that to which a party has agreed. *See Martin v. Franklin*, 245 So. 2d 602 (Miss. 1971); *Sanders v. Dantzler*, 375 So. 2d 774, 776-777 (Miss. 1979).

*PMZ Oil Co. v. Lucroy*, 449 So. 2d 201, 206 (Miss. 1984) (emphasis added); *see also Bowers Window & Door Co. v. Dearman*, 549 So. 2d 1309, 1314 (Miss. 1989) (noting that the supreme court has "quite clearly held that the doctrine [of equitable estoppel] may be pled as an exception in any case where the statute [of frauds] is asserted as a defense"). Therefore, "[t]he doctrine of equitable estoppel may be used to enforce an oral contract which would otherwise be unenforceable under the statute of frauds." *Powell v. Campbell*, 912 So. 2d 978, 981 (¶12) (Miss. 2005) (citing *Koval v. Koval*, 576 So. 2d 134, 137 (Miss. 1991)).

¶8.     Further, in order "[t]o prove equitable estoppel, a party must show he or she has changed position, to his or her detriment, in reliance upon the conduct of another." *Swartzfager v. Saul*, 213 So. 3d 55, 65 (¶28) (Miss. 2017) (citing *PMZ Oil Co.*, 449 So. 2d at 206). In the present case, the circuit court, citing the statute of frauds, erroneously denied Archie any opportunity to demonstrate the elements of equitable estoppel. Accordingly, we reverse and remand for further proceedings on this issue.

## II.     Whether Rule 8 of the Mississippi Rules of Appellate Procedure

**precludes the grant of a supersedeas bond when there is no money judgment.**

¶9. The circuit court denied Archie's request to establish a supersedeas bond pending the outcome of this appeal. Archie argues that "while the court is not required to grant supersedeas, it is not wholly precluded from doing so in its discretion." Thus, he contends the court's reasoning was in error.

¶10. Archie is correct that the circuit court's reasoning that because "[t]here was not a money judgment in this case, . . . Rule 8 does not apply" was erroneous. The supreme court has recognized that "*in a case without a monetary judgment*, the rule provides that 'application for a stay of the judgment or the order of a trial court pending appeal or for approval or disapproval of a contested supersedeas bond or for an order suspending, modifying, restoring, or granting an injunction during the pendency of an appeal must ordinarily be made in the first instance in the trial court.'" *In re Lauderdale County*, 172 So. 3d 714, 721 (¶25) (Miss. 2015) (emphasis added) (quoting M.R.A.P. 8(b)(1)). Thus, Rule 8(b) provides an opportunity for an applicant to be granted a supersedeas bond pending appeal.

¶11. Nevertheless, "whether a supersedeas shall be allowed is within the sound discretion of the court." *Orkin Exterminating Co. of Memphis v. Posey*, 218 Miss. 611, 614, 67 So. 2d 526, 528 (1953). The circuit court was well within its discretion to deny Archie's request for the supersedeas bond, as the court had already denied his motion for a stay pending appeal. *See, e.g.*, *Bert Allen Toyota Inc. v. Grasz*, 947 So. 2d 358, 360 (¶4) (Miss. Ct. App. 2007) (noting that had the party "moved for a stay, the court in its discretion could have required

a supersedeas bond *as a condition of granting the stay pending appeal*" (emphasis added)). Therefore, we find the circuit court's denial of a supersedeas bond in this instance did not constitute reversible error.

¶12. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.**