HENRY F. TURNER, Judge pro tern.
This is a suit for a refund of taxes paid’, to defendant, The Louisiana State Board of *561 Health, under protest. It is brought pursuant to LSA-R.S. 47:1575, 1576, and 2110.
The plaintiff, Morgan & Lindsey, Inc., owns and operates 65 retail stores in the State of Louisiana. They sell bedding and upholstered furniture in each of these stores.
The defendant Board of Health has required plaintiff to buy bedding and upholstered furniture licenses for each one of these stores for the year 1964. The cost of the licenses is $10.00 each. Plaintiff paid the $650.00 claimed due by the defendant under protest.
Plaintiff brought this suit claiming that the applicable licensing statute required it to purchase only one license and is seeking a refund of $640.00. The lower court rendered a summary judgment for plaintiff on the pleadings ordering the refund.
The statutes in question provide as follows :
LSA-R.S. 40:1203(G):
“Every person selling any upholstered furniture or bedding at retail, unless he holds a manufacturer’s license, a wholesaler’s license or a repairer’s license, shall annually procure a retail license from the state board of health.”
LSA-R.S. 40:1192(11):
“A ‘Retailer’ is a person who sells any article or thing to a consumer or user of the article purchased.”
La.Acts 1948, No. 467, Art. 2., Section 1(1):
“ ‘Person’ shall include all persons, masculine as well as feminine, corporations, partnerships, limited partnerships, societies, individual proprietorship and voluntary associations; it shall impart the plural and the singular, as the case demands.”
The issue, of course, is whether plaintiff is a person within the intendment of LSA-R.S. 40:1203(G), or whether each of its stores is to be considered a person.. We find the former to be the case. To hold! that this statute requires a license for each, retail store selling bedding or upholstered furniture, even though several were owned; by one corporate person or, for that matter,. a natural person, would be putting a strained construction on the plain wording of the-statute. This we may not do. License tax. statutes must be construed strictly and in. favor of the taxpayer and may not be extended by construction. State v. Norman Mayer & Co., 170 La. 337, 127 So. 743. Our conclusion that the Legislature did not intend by this statute to impose a tax on each retail store is bolstered by its express provision for such a tax on each outlet in other • tax statutes. See LSA-R.S. 47:350; LSA-R.S. 47:391; LSA-R.S. 47:392; LSA-R.S. 47:844; LSA-R.S. 47:885; LSA-R.S. 47:-1122.
The judgment of the District Court is; therefore affirmed.
Affirmed.