REDMANN, Judge.
Defendant automobile parts seller appeals from an injunction obtained by a competitor ordering defendant to keep its business closed on Sunday. We reverse.
La.R.S. 51 ¡191-192 requires Sunday closing of all businesses, with a multitude of exceptions (of which defendant argues “livery stables” includes automobile parts stores[1]).
*548 Assuming that R.S. 51:191-192 survived the enactment of R.S. 51:194 by Acts 1962 No. 273 (whose title and body may suggest an intent to exhaustively legislate regarding, in the title’s own words, all “commodities, products and other . goods which shall not be sold or offered for sale on Sunday”), R.S. 51:191 and 192 do not authorize injunction for their violation; and plaintiff does not show entitlement to injunction under R.S. 51:194 or general law, C.C.P. 3601.
R.S. 51:194 does authorize injunction for its violation, but does not proscribe sale of parts for motor vehicles except (as amended, Acts 1964 No. 458) “in all places of business wherein such motor vehicles are sold.” Whatever else may be said of this provision, its wording does not prohibit defendant’s sales and it therefore does not authorize enjoining defendant.
C.C.P. 3601 requires a showing that “irreparable injury, loss or damage may otherwise result” absent injunction. Plaintiff has made no such showing.
Reversed; suit dismissed at plaintiff’s cost.

. The Attorney General had reasoned, Opinions 1916-1918, p. 862, that the 1886 source statute’s words “livery stables” — chosen when gasoline-powered vehicles were unknown— *548 could be interpreted 20 years later to also exempt gasoline stations and automobile garages from closing. The statute (almost verbatim from 1886) would order a shutdown of “all places of public business” — an evidently unacceptable result, save for a hodgepodge of some thirty (sic) exceptions prompted by the Sunday mores of 90 years ago — -when no one went Sunday-driving in his car, nor tuned or did other work requiring parts on Sunday for his car, because no one had a car. Perhaps the proper 1976 interpretation of an 1886 statute is to apply its general prohibition to 1886 business (excepting the many, many exceptions), so that, perhaps, only alcoholic beverage outlets and hardware, dry goods and general stores would be ordered closed.
The 1886 statute allowed “drug stores” and “markets” (and many other kinds of stores) to stay open, and contained no prohibition against Sunday sales of any item except alcohol. No other law prohibited, e. g., drug stores from selling nails or underwear. Many 1976 drug stores sell a greater variety of goods than did 1886 general stores (including some minor parts for automobiles). Presumably the lack of satisfactory applicability of the 1886 statute to 1960’s commerce led to R.S. 51:194’s more frank approach of prohibiting specified Sunday sales, decried as “unfair competition.” The drug store or supermarket (or perhaps any store) can stay open 24 hours every day, but now it cannot sell clothing, lumber, or household appliances; the supermarket stock clerks and cashiers can be obliged to work a full day on Sunday, but cannot sell an egg-beater. Returning to defendant’s argument that it is a “livery stable,” it is apparently not against any Louisiana law for a livery stable, a drug store, a market, or a book store (to name a few) to sell automobile parts on Sunday (unless motor vehicles are also sold in the same place of business). If all of these places can sell auto parts, why not defendant? Perhaps in an 1886 sense defendant is as much a livery stable as is a gasoline station or an automobile garage.