374 So.2d 1232 (1979)
STATE of Louisiana, Respondent,
v.
Morris SCALLON, Relator.
No. 64077.
Supreme Court of Louisiana.
September 4, 1979.
*1233 Dan E. Melichar, Gravel, Roy & Burnes, Alexandria, for relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., B. Dexter Ryland, Alexandria, for respondent.
TATE, Justice.
The defendant, the employee-manager of a discount house operated by a corporation, was convicted of a violation of La.R.S. 51:194(A) (1962), and sentenced to pay a fine of $100. The statutory enactment, a Sunday closing law, prohibits the sale of, or requiring an employee to sell, generally described types of merchandise.
We granted certiorari, 369 So.2d 152 (1979), because we entertained doubt:
(1) that the criminal penalties could be invoked against an employee as contrasted with the proprietor (the corporation) who violates the Sunday closing law, cf., State v. Trahan, 214 La. 100, 36 So.2d 652 (1948), and
(2) that the statutory prohibition was intended to apply against what was described as a special opening limited to employees only, so that the employees could do their Christmas shopping at a special employees' ten percent discount.
On reviewing the evidence in the record,[1] we conclude that we do not reach these issues:
(1) The trial court reasonably found from the evidence that the defendant, the manager of the store, actively participated in and arranged this Sunday sale. Rather than being an acquiescent employee reporting to Sunday work illegally required of him, he actively aided and abetted his corporate employer in this violation of the Sunday closing. He is therefore criminally responsible as a principal. La.R.S. 14:24.
(2) Further, there was evidence from which the trial court reasonably found that the store was not only open to employees but also to members of the general public, despite the alleged intended purpose of the sale to be closed to employees only.
Constitutionality
A third contention is raised by appropriate motions in the trial court and assignment of error: The defendant attacks the constitutionality of the Sunday closing law (a) as a denial of equal protection and due process under the state and federal constitutions and (b) as an unreasonable restriction upon the right to own and use private property guaranteed by Article 1, Section 4, of the Louisiana Constitution of 1974.
The latter constitutional provision specifically provides, however, that the right to own and use private property "is subject to reasonable statutory restrictions and the reasonable exercise of the police power."
In rejecting contentions similar to the present that the Sunday closing law denies due process and equal protection to the owners of the businesses so regulated, the courts have consistently held that a Sunday-closing regulation such as here attacked is a reasonable governmental restriction of business operations legislatively enacted in the interest of the health, recreation, and welfare of the working population. McGowan v. State of Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); State v. Wiener, 245 La. 890, 161 So.2d 755 (1964). See also City of New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976).
We therefore find no merit to the defendant's attack upon the constitutionality of the Sunday closing statute.

*1234 Decree

For the reasons assigned, we affirm the conviction and sentence.
NOTES
[1] We have detailed the facts more fully in an appendix to this opinion, which will not be published but which will remain a public record of this court.