BARRY, Judge.
Plaintiff, Harry’s Hardware, Inc., appeals from a judgment dismissing its application for a Preliminary Injunction prohibiting the New Orleans Superintendent of Police and certain elected officials from enforcing La. R.S. 51:194, commonly referred to as the “Sunday closing law”. Plaintiff alleges this law is unconstitutional because it invidiously discriminates against its hardware stores by permitting grocery and drugstores to remain open on Sunday selling merchandise similar and identical in nature to that sold by plaintiff.
Sunday legislation originated in A.D. 321 when Constantine the Great issued an edict commanding all Roman judges and inhabitants of cities to rest on the venerable day of the sun. Sunday statutes were passed in England and 29 Charles II c 7 page 412 (1660-1685) has served as the basis for similar legislation in many of our states. Statutes regulating the observance of Sunday were enacted in our country during the Colonial period and included the Virginia Colony at Jamestown in 1617. See 83 C.J.S. Sunday § 3a, p. 800 (1953). By 1800, statutes no longer emphasized church attendance, but instead sought to prohibit other activities which removed the temptation to miss religious services.
The United States Supreme Court in People of State of Illinois ex rel., McCollum v. Board of Education, 1948, 333 U.S. 203, 68 S.Ct. 461, 92 L.Ed. 649 and Everson v. Board of Education, 1946, 330 U.S. 1, 67 S.Ct. 504, 91 L.Ed. 711, holding that the fourteenth amendment protected the individual against any state statute which infringed upon his individual beliefs or convictions, made it inevitable that Sunday legislation would be subject to constitutional attack. The judicial history of the “blue” laws, however, shows they have not generally been interpreted as laws establishing or infringing upon religion, but have been viewed as welfare legislation which provides for a day of rest and relaxation. This premise, in today’s society, has limited merit.
Louisiana’s Sunday law cannot be upheld upon any religious concept although it is founded upon the Biblical admonition to “remember the Sabbath to keep it holy,” because of our constitutional provision re *635 quiring separation of church and state. Amendment 1, Federal Constitution. The constitutionality of our law must be determined upon a consideration of whether it was justified as a proper exercise of the state’s police power. Laws similar to ours have been upheld not because of any governmental right to promote religion by legislative enactment, but rather as an exercise of the police power in the protection of all citizens from the physical, as well as moral, degradation which might result from continuous labor.
When the injunction was filed plaintiff obtained a temporary restraining order pending a hearing. Defendants filed an exception of “Lack of Jurisdiction over the Subject Matter” urging that a civil court lacks jurisdiction to enjoin enforcement of a criminal statute. By agreement the preliminary and final injunction were heard together and the matter submitted on affidavits.[1]
The trial judge referred the exception of lack of jurisdiction to the merits and thereafter dismissed plaintiff’s petition for injunction, in effect upholding the constitutionality of the Sunday closing law, citing State of Louisiana v. Scallon, 374 So.2d 1232 (La.1979).
In his Reasons for Judgment the trial judge properly held that for a civil court to prevent the enforcement of a criminal statute by injunction, a tripartite test must be met consisting of the following:
(1) The invasion of a property right must be clearly shown;
(2) There must be threat of irreparable injury,
(3) The unconstitutionality or illegality of the statute must be manifest. National Food Stores of Louisiana, Inc. v. Cefalu, 280 So.2d 903 (La.1973); West v. Winnsboro, 211 So.2d 665 (La.1968).
The trial judge opined that plaintiff may be able to establish the first two conditions, but held that plaintiff failed to prove the third condition that the “Sunday closing law” was manifestly unconstitutional.
The right of our legislature to pass a “Sunday closing law” is not open to question. State Legislatures within their general police powers have the right to enact legislation setting aside a day of rest and regulating and restricting sales on that day to protect all persons from the physical and moral debasement which comes from uninterrupted labor. McGowan v. State of Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).
The first issue we address is the jurisdiction of the civil district court to grant an injunction to prevent enforcement of a criminal statute.
Injunction is an equitable remedy. LSA-C.C.P. Art. 3601. Louisiana district courts have jurisdiction of all civil matters, La.Const. Art. V § 16, and are courts of general trial jurisdiction which administer both law and equity. LSA-C.C. Art. 21. When an equitable remedy is sought from a district court in a civil action, the true question is not one of jurisdiction but whether or not the equitable remedy is warranted under the circumstances. West v. Winnsboro, supra, p. 669. We are therefore satisfied that the District Court had jurisdiction to hear the petition.
Our next determination is whether an injunction restraining enforcement of LSA-R.S. 51:194 should be issued on the grounds that plaintiff has shown invasion of a property right, irreparable injury, and the manifest unconstitutionality of the statute. If the tripartite test is met then injunctive relief is the proper remedy.
INVASION OF PROPERTY RIGHT
In the equitable protection of property rights, the courts have broadly defined the term “property right”. It embraces any civil right of a pecuniary nature. Thus, the right to conduct a business is *636 clearly a property right which equity will protect. The protection extends to any substantial interference produced by unconstitutional legislation. National Food Stores of Louisiana, Inc. v. Cefalu, supra; West v. Winnsboro, supra; Sears, Roebuck and Company v. City of New Orleans, 238 La. 936, 117 So.2d 64 (La.1960); Banjavich v. Louisiana Licens. Bd. for Marine Divers, 237 La. 467, 111 So.2d 505 (1959); Dumestre v. Police Jury, Parish of Jefferson, 185 La. 492, 197 So. 209 (1940); Patout Bros. v. Mayor, Etc. of City of New Iberia, 138 La. 697, 70 So. 616 (1916); McClintock on Equity § 151, p. 402 (2d ed. 1948); de Funiak, Handbook of Modern Equity § 41, pp. 75-77, (2d ed. 1956); 30 C.J.S. Equity § 58 pp. 897-899; 27 Am.Jur.2d, Equity, § 66, pp. 589-590, 28 Am.Jur., Injunctions, § 70, p. 566.
Plaintiff operates hardware stores and is not exempted from Sunday closing under La.R.S. 51:192 or 194. Hardware stores fall under the generl provisions of Section 191 and are prohibited from selling any merchandise on Sunday. Therefore, it is clear that plaintiff’s right, a substantial property right, is invaded.
IRREPARABLE INJURY
Plaintiff’s name and reputation are in jeopardy under criminal procedures and plaintiff is therefore forced to choose between irretrievable economic loss or being subjected to criminal prosecution.
When unconstitutional ordinances or laws interfere with the pursuit of a lawful occupation, injunctive relief has been granted. See Sears, Roebuck and Company v. City of New Orleans, supra. By “adequate remedy at law” is meant one which is as speedy, efficient, and complete as the remedy in equity. See Banjavich v. Louisiana Licens. Bd. for Marine Divers, supra; de Funiak, Handbook of Modern Equity § 5, pp. 9-10 (2d ed. 1956); McClintock on Equity, § 43, p. 103 (2d ed. 1948); 28 Am.Jur., Injunctions § 39, pp. 534-535.
During the proceedings in the lower court plaintiff demonstrated that closing his business as required by statute causes him irretrievable loss. Plaintiff’s affidavits supported its contention that the identical merchandise carried by its hardware stores is being sold on Sundays by drugstores and grocery stores.
Plaintiff’s Exhibit A, which was annexed to an affidavit of its Vice-President, sets forth purchases made from plaintiff’s competitors. The analysis shows that of 83 different items which were purchased at grocery and drugstores in the area, 82 items were also carried by plaintiff’s hardware stores. These 82 items were listed for illustration only since plaintiff’s total stock consists of 10,000 different items, many of which are also offered by grocery and drugstores in the New Orleans Area. Plaintiff’s affidavit further shows that sales at its General Meyer St. store on Sunday, March 16, 1980 (during the temporary restraining order) amounted to $3,800.00. This sum represents 138% of plaintiff’s average daily sales. A graphic illustration of irreparable injury was introduction of a Sunday newspaper advertisement by Walgreen’s drugstore in which Walgreen’s is referred to as the “Shopper’s Center”.
Therefore we conclude that irreparable injury was shown.
MANIFEST UNCONSTITUTIONALITY
Plaintiff does not question the legislative prerogative to enact a “Sunday closing law”; its position is that such a statute cannot create arbitrary and unreasonable business classifications which have no bearing upon public health and welfare and which creates and fosters unfair competition.
The “Sunday closing law” is comprised of four sections. Section 191 forbids “all stores, shops, saloons, and all places of public business, licensed under the law of Louisiana or under any parochial or municipal law and all plantation stores from being open and doing business on Sundays.” Section 192 (as amended and re-enacted by Act 483 of 1979) exempts from Section 191 the following:
News dealers and newspaper offices
*637 Printing offices
Book stores
Watering places and public parks
Places of resort and recreation '
Livery stables
Railroads
Hotels and boarding houses
Undertaker shops
Art galleries insofar as sales of original art and prints constitute a substantial portion of their operation
Drugstores and apothecary shops
Keepers of soda fountains
Public and Private Markets
Dairies
Bakeries
Places of amusement
Steamboats and other vessels
Warehouses for receiving and forwarding freight
Telegraph offices
Theatres
Restaurants
lee dealers
Section 193 prohibits the operation of barber shops on Sunday. Section 194, Subsection A, provides that the following sales and services shall not be conducted on Sunday:
“.any clothing or wearing apparel; lumber or building supply materials; furniture; home or business or office furnishings; any household, office or business appliances; new or used automobiles and trucks or parts for and servicing of such motor vehicles in all places of business wherein such motor vehicles are sold. In the case of an emergency, parts and servicing may be sold.”
Subsection E of Section 194 exempts sales:
(1) for charitable purposes; or
(2) of items for funeral or burial purposes; of items sold as a part of or in conjunction with the sale of real property or mobile homes; or of drugs, medicines, medical or surgical supplies and appliances.
(3)of clothing or wearing apparel, new and used furniture, new and used home or business or office furnishings, or any new or used household, office or business appliances in the Vieux Carre section of the city of New Orleans being that section of the city bounded by Iberville Street, North Rampart Street, Esplanade Avenue and the Mississippi River. Added by Acts 1972, No. 72 § 1. Acts 1972, No. 547 § 1. Amended by Acts 1977, No. 190 § 1.
Drugstores are listed in Section 192 and fall within the exempted class. Grocery stores are exempted under “public or private market” as decided in State v. Penniman, 68 So.2d 770, 224 La. 95 (1953). In Penniman, the defense urged (1) that since the legislature failed to define the term “market”, the statute was too vague, and (2) that it is unconstitutional because neither the classification or the exemptions therein are founded upon any reasonable distinction and had no logical relation to the statute’s objective. The court held that in light of commonly accepted meanings of the words “public and private markets” it could not say defendant was not within the meaning and contemplation of this statute, otherwise the act would be unconstitutional. Having reached this conclusion it was unnecessary for the court to discuss the constitutionality of the statute.
Before Penniman, supra, State v. Fernandez, 39 La.Ann. 538, 2 So. 233 (1887) was the controlling jurisprudence. There it was asserted that Section 3 of Act 18 of 1886 did not apply to public and private markets, and, as the grocery establishment in question was in a public market, the opening of a grocery stand in such a place of business on Sunday was not prohibited. The court held grocery stores in public markets were not exempt, because it would not suppose that the legislature designed a statute which odiously and unconstitutionally discriminated between citizens belonging to the “same class”. The court in Penniman, however, decided the Fernandez case was factually distinguishable.
*638 The question of whether a hardware store could legally open on Sunday as a “public or private market” has never been decided by the court, State v. Gerstenberger, 260 La. 145, 255 So.2d 720 (La.1971); State v. Deutch, 245 La. 819, 161 So.2d 730 (La.1964). See also Pick’s Auto Parts No. 2, Inc. v. Hodge’s Auto Parts, La.App., 334 So.2d 547, 548 (4th Cir. 1976). This point is not urged by plaintiff and we find it unnecessary to address this issue.
In summary, plaintiff urges that the “Sunday closing law” violates their right to equal protection of the law on the grounds that (1) the exceptions and exemptions of Sections 192 and 194 create classification of proscribed activities and goods which is arbitrary and unconstitutional; (2) that the “Sunday closing law” is so riddled with exceptions that the present state of the law invidiously discriminates between persons similarly situated, selling the same goods; (3) that the classifications established by the legislature rests on grounds wholly irrelevant to the achievement of the state’s objective, namely, the promotion of health, recreation and welfare and creates unfair competition among persons, firms or business establishments similarly situated; (4) that since no public purpose is served it is an abuse of legislative authority.
The Constitution of the United States, while forbidding the state from engaging in deliberate discrimination where that discrimination is invidious, does not require that a statutory discrimination be set aside if any state of facts reasonably may be conceived to support it. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State’s objective. McGowan v. State of Maryland, supra.
The legislative body has a wide latitude in classifying commodities and businesses in this type of legislation. But such statutes cannot invidiously discriminate between those in the same business who properly belong in the same class. West v. Winnsboro, supra; Sears, Roebuck and Company v. City of New Orleans, supra; Banjavich v. Louisiana Licens. Bd. for Marine Divers, supra; City of Shreveport v. Schultz, 154 La. 899, 98 So. 411 (1923); State v. Barba, 132 La. 768, 61 So. 784, 45 L.R.A., N.S., 546 (1913); City of Shreveport v. Levy, 26 La.Ann. 671, 21 Am.Rep. 553 (1874); Terry Carpenter, Inc. v. Wood, 177 Neb. 515, 129 N.W.2d 475 (1964); Rhyne, Municipal Law § 26-13, pp. 542-543 (1957); McQuillin, Municipal Corporations § 18.18, pp. 441-443 (3d ed. 1949); 16 Am.Jur.2d, Constitutional Law, § 503, pp. 881-882.
Accordingly, if the statute (1) unreasonably discriminates between those engaged in the same business and/or (2) contains classifications resting on grounds wholly irrelevant to the achievement of the State’s objective, it is constitutionally infirm.
Drugstores in 1981 are no longer the apothecary shops of the 19th century, and modern supermarkets sell more than milk, bread, and necessary staples. These stores have become home and garden centers, department stores, bakeries, delicatessens, among others.
A review of plaintiff’s exhibits shows that many items sold by plaintiff’s hardware stores are also offered by grocery and drugstores. Very few of these items fall into the prohibited categories of La.R.S. 51:194, i. e., lumber, building supply materials, furniture, home, business or office furnishings, or household, office or business appliances. Consequently, drugstores and grocery stores are permitted to sell merchandise on Sunday, under Sec. 192, without violating the prohibitions of Section 194. Plaintiff’s affidavits show that in the three to five mile trading area of each of plaintiff’s locations there are 16 major drug and grocery stores which carry the same and/or similar merchandise as plaintiff. In one instance, a competitor, Eckerd Drugs, is directly across the street and open on Sundays.
The evidence convinces us that plaintiff is in a business similarly situated to grocery and drugstores.
To permit drugstores and grocery stores to be open on Sunday and sell their *639 non-drug and non-food stock while hardware stores carrying the same and/or similar merchandise are required to be closed constitutes invidious discrimination against hardware stores and is patently discriminatory.
The second requisite, that the classification established by the State must rest on ground relevant to achievement of the State’s purpose, is also absent. The courts have long recognized the promotion of health, recreation and welfare to be a valid governmental purpose of the Sunday closing law. McGowan v. State of Maryland, supra. The legitimacy of this objective is not questioned by this court. The question we must resolve is whether classifications in the statute rationally further the State’s ordained purpose.
The original concept is that closing of all business houses on Sunday, except in cases of emergency, bears a reasonable relationship to the general welfare because protection is afforded to all citizens from the possible evils from uninterrupted labor. It doesn’t follow that laws containing the exemption of so many businesses, such as our statutes under consideration, can be said to bear such relationship to the public health, safety, morals or general welfare as to declare them to be valid general laws simply because they operate equally upon all within a certain class or classes. It is necessary that there will be a valid and substantial reason to make such laws operate only upon certain classes rather than generally upon all.
It is not suggested that parties who work in hardware stores need protection from uninterrupted labor more than do citizens who are engaged in any of the exempt businesses or vocations. We can think of no reason why health, safety, morals or general welfare of our people would be better safeguarded by requiring hardware stores to close on Sunday than such rights or guaranties would be safeguarded were such persons allowed to do business on the Sabbath along with proprietors of tourist attractions in the French Quarter. Such distinctions are nebulous, arbitrary, and made without a reasonable basis for holding them as a valid exercise of the police power. Indeed, each of these distinctions fits into the category of a distinction without a difference. It is necessary that there be a valid and substantial reason to make such laws operate only upon certain classes rather than generally upon all.
Our statute specifically states the purpose for which it was enacted in Subsection C of Section 194:
“The purpose of this Section being to promote the health, recreation and welfare of the people of this state and to prevent unfair competition among persons, firms, or business establishments .. .. ” (Emphasis added)
We note that Louisiana cases on this point, particularly the recent case of State v. Scallon, supra, relied upon by the district court, have either failed to discuss or given ostensible treatment to the fact that Subsection C of Section 194 states a two-fold purpose.
In the instant case, it is unquestioned that the distinction between hardware stores on one hand and drug and grocery stores on the other, are classifications which create unfair competition rather than prevent it. The poor record of uniform enforcement throughout the State will not improve. Experience has taught mankind that the retention of unenforceable laws which are universally violated, breeds contempt for the law in general.
We conclude that the classifications established by the legislature rest on grounds wholly irrelevant to the achievement of the State’s objective to promote the health, recreation and welfare of its people.
The distinction between hardware stores and grocery/drugstores is arbitrary and without any relation to public health, recreation and welfare. If the purpose of the statute is prevention of unfair competition, then that purpose has failed in reality.
We hold that La.R.S. 51:191-194, the Sunday closing law, is manifestly unconstitutional and that a permanent injunction should issue as prayed for. For the forego *640 ing reasons the judgment of the District Court is reversed and set aside and this matter is remanded for issuance of the permanent injunction in accordance with the views hereinabove expressed. All costs are to be paid by appellees.

REVERSED, RENDERED AND REMANDED.

. An intervention was filed on behalf of the plaintiff but intervenor has not pursued its position.