410 So.2d 735 (1982)
HARRY'S HARDWARE, INC.
v.
James C. PARSONS, Superintendent of Police, et al.
Nos. 81-C-1614, 81-C-1633.
Supreme Court of Louisiana.
January 25, 1982.
Rehearing Denied March 19, 1982.
*736 William J. Guste, Jr., Atty. Gen., Robert Caluda, Staff Atty., New Orleans, Harry F. Connick, Dist. Atty., John Craft and Kevin McNary, Asst. Dist. Attys., Salvador Anzelmo, Brian Meisner, Asst. City Attys., Galen S. Brown, Deputy City Atty., for defendant-applicant.
Rene Lehmann, of Midlo & Lehmann, New Orleans, for plaintiff-respondent.
Leopold Stahl, of Stahl & Berke, New Orleans, for intervenor.
BLANCHE, Justice.
Harry's Hardware, Inc. filed suit in Orleans Parish Civil District Court seeking to enjoin enforcement of the Sunday Closing Law, R.S. 51:191-194. Originally named as defendants were James C. Parsons, then Superintendent of the New Orleans Police Department and Harry Connick, in his capacity as District Attorney for the Parish of Orleans. As the petition attacked the constitutionality of the state statute, William Guste, the Louisiana Attorney General, was later made a defendant.
A temporary restraining order was granted, but following trial on the merits, the plaintiff's suit for permanent injunction was dismissed. On appeal, the Fourth Circuit Court of Appeal reversed, finding the statute in question manifestly unconstitutional, and remanded the suit for issuance of a permanent injunction against its enforcement. 399 So.2d 632. As a state statute was declared unconstitutional, this case comes before us on an appeal of right.
Louisiana's Sunday Closing Law is comprised of four sections under Title 51 of the Revised Statute. Section 191 creates a general prohibition of the conduct of business on Sunday.
Section 192 exempts several types of businesses from the prohibition established by Section 191. Included among the exemptions are:
News dealers and newspaper offices,
Printing offices,
Book stores,
Watering places and public parks,
Places of resort and recreation,
Livery stables,
Railroads,
Hotels and boarding houses,
Undertaker shops,
Art galleries,
Drug stores and apothecary shops,
Public and private markets,
Theatres, and
Restaurants.
Section 193 requires that barber shops be closed. Section 194(A) prohibits the sale of specific items on Sunday, including:
Clothing or wearing apparel,
Lumber or building supply materials,
Furniture,
Home or business or office furnishings,
Household, office or business appliances, and
Automobiles.
Section 194(E) provides an exemption to this prohibition for sales made for charitable, medical or funereal purposes. Sales within the French Quarter of New Orleans are also exempted.
Section 194(C) states the objectives of the Sunday Closing Law: "[T]o promote the health, recreation and welfare of the people of this state and to prevent unfair competition among persons, firms or business establishments...".
*737 It is undisputed that Sunday Closing Laws are not per se unconstitutional. State legislatures within their general police powers may enact legislation setting aside a uniform day of rest and regulating or restricting sales on that day. McGowan v. State of Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). The ultimate constitutionality of such a statute can be determined only by an examination of its particular provisions. A closing law may not create arbitrary and unreasonable business classifications which have no bearing on the public health and welfare considerations that prompted its enactment.
In both lower courts, the plaintiff contended that R.S. 51:192 creates an arbitrary and unreasonable classification. There is no doubt that drug and grocery stores are treated differently from hardware stores under the law. Drug stores and grocery stores (as public and private markets) may remain open on Sunday, while hardware stores must be closed. Moreover, those drug and grocery stores may sell any item of their inventory not expressly prohibited from sale on Sunday by R.S. 51:194(A).
According to the plaintiff, there is no rational reason for this differing treatment. A majority of the non-food and non-drug items sold on Sunday by the drug and grocery stores are available for sale in plaintiff's hardware stores. The court of appeal found merit in this argument, and declared the Sunday Closing Law unconstitutional for the following reason:
"To permit drugstores and grocery stores to be open on Sunday and sell their non-drug and non-food stock while hardware stores carrying the same and/or similar merchandise are required to be closed constitutes invidious discrimination against hardware stores and is patently discriminatory."
We cannot agree that any discrimination inherent in the Closing Law is of such an unreasonable and invidious nature as to render the statute constitutionally infirm. Not every discrimination promulgated by statute is unconstitutional. The constitutional safeguard is offended only if the discriminatory classification rests on grounds wholly irrelevant to the achievement of the state's objective.
Unless a statute interferes with the exercise of fundamental personal rights, or is drawn upon inherently suspect distinctions such as race or religion, its constitutionality is presumed and the jurisprudence requires only that the classification challenged be rationally related to a legitimate state interest. City of New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976).
The statement of legislative purpose in R.S. 51:194(C) expresses a twofold objective: promotion of the health, recreation and welfare of the citizens of this state, and prevention of unfair competition among persons, firms or businesses. To this end, the law provides for a forced day of rest. All businesses must close their doors on Sunday. This statutory requirement is followed by the vast majority of business operations in the State of Louisiana. The plaintiff has presented no evidence that the exceptions to this rule have become broader than the rule itself.
The exemptions created by the statute are those that the legislature deemed necessary to safely provide for the welfare of the public while mandating a forced closing of most businesses. Drug stores and public markets are exempted to allow the sale of medicine and food on Sunday. Funeral homes may remain open as the inevitability of death cannot be averted on Sunday. The exemptions for theatres, book stores and art galleries are consistent with the intent to provide a day of rest and recreation. Hotels are exempted to provide a place of residence for out-of-town visitors.
Each of the exemptions provided by the Sunday Closing Law is rationally related to the state's objective in enacting such a statute. The discrimination suffered by the plaintiff's hardware stores is a by-product of a rational legislative scheme whereby the leisure and recreation of the populace is fostered without concomitant deprivation of access to essentials such as food and medicine. This discimination does not become *738 invidious merely because those drug and grocery stores which are allowed to remain open may also sell non-food and non-drug items.
Although the plaintiff demonstrated substantial similarity between the inventory of its hardware outlets and the inventories of present day drug and grocery stores, we do not find that this similarity renders any statutory distinction between hardware stores and food or drug stores arbitrary and unreasonable. While inventories may overlap, drug stores remain primarily retailers of pharmaceutical products and grocery stores remain primarily retailers of food items. To provide public access to precisely these essentials, rather than hardware or other non-food or non-drug items, drug and grocery stores may remain open on Sunday. We cannot say the legislature acted unreasonably or arbitrarily in treating food and drug stores in a different manner than hardware stores under the Sunday Closing Law.
The objectives behind the Sunday Closing Law were discussed by this Court in State v. Wiener, 245 La. 889, 161 So.2d 755 (La. 1964). "The legislature, so it declares, enacted the law to promote the health, recreation and welfare of the people by making the first day of the week a day of rest and to prevent unfair competition by those who might choose to work while others rested." Keeping in mind the primary thrust of the statute, to provide a forced day of rest, it becomes apparent that the purpose of the Sunday Closing Law is not the prevention of all unfair competition among businesses. By enacting a general prohibition against the conduct of business on Sunday, the law extends the full benefit of the forced day of rest to merchants and other businessmen who might otherwise feel compelled to remain open.
Those businesses which may remain open on Sunday provide the public with necessary goods or services. Both objectives of the Sunday Closing Law are furthered by closely limiting this class of businesses. The legislature chose not to exempt hardware stores from the general Sunday prohibition. That decision does not render the statute unconstitutional. It is a legislative prerogative to ascertain which stores should and should not be open. That prerogative has not been exercised arbitrarily or unreasonably in this case.
For the foregoing reasons, the decision of the court of appeal is reversed and the injunction prohibiting the enforcement of R.S. 51:191-194 is hereby vacated.
LEMMON, J., dissents.
WATSON and CALOGERO, JJ., dissent and assign reasons.
WATSON, Justice, dissenting.
The Court of Appeal correctly held in Harry's Hardware, Inc. v. Parsons, 399 So.2d 632 (La.App. 4 Cir. 1981) that the statute discriminates between similar businesses and its classifications are not relevant to any legitimate state objective. In this respect, the Sunday Closing Law is manifestly unconstitutional, warranting permanent injunctive relief in favor of plaintiff.
Hardware accounts for only 18% of plaintiff's sales. A large volume of its business is in home and garden supplies. Almost every item sold by Harry's Hardware, Inc., is also offered by grocery and drug stores in the New Orleans area. Apart from food and medicine, the stores all sell essentially the same merchandise. The employees of Harry's Hardware made Sunday purchases of eighty-two different items which are also carried in their stock. Walgreens Drug Store offered for sale in a Sunday advertisement at least forty-three items which are carried in stock at Harry's Hardware, Inc. Because drug stores and grocery stores are allowed to open on Sundays and Harry's is not, Harry's has a distinct competitive disadvantage. On a given Sunday, one Harry's Hardware store sold $3,800 worth of merchandise which would allegedly have been permanently lost to neighboring establishments had the store been closed.
An individual's right to dispose of private property is subject to reasonable statutory *739 restrictions and the reasonable exercise of the police power. Louisiana Constitution of 1974, Art. 1 § 4. Legislation creating a uniform day of rest on which business activities are restricted is a reasonable exercise of the police power. McGowan v. State of Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); State v. Scallon, 374 So.2d 1232 (La., 1979).[1] However, laws regulating economic and business concerns must have a rational basis. City of New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976). A statute cannot invidiously discriminate between those in the same business who properly belong in the same class. West v. Winnsboro, 252 La. 605, 211 So.2d 665 (1968). To be constitutional, the classifications in the Sunday Closing Law must have a rational basis. The statute purports to aid the public welfare and prevent unfair competition. LSA-R.S. 51:194 C. The statutory scheme is a reasonable exercise of the police power only if it is relevant to these purposes.
The statute might rationally distinguish between purveyors of certain goods, medicine and food being items of more immediate necessity than hardware and furniture. However, it does not limit its exceptions to those things necessary or desirable on a day of rest. Why can one buy a house or mobile home on Sunday, but not a car; furniture from a house, but not from a furniture store; car repairs at a service station, but not at a dealer's service department? See Henderson v. Antonacci, 62 So.2d 5 (Fla., 1952) and Rutledge v. Gaylord's, Inc., 213 S.E.2d 626, 233 Ga. 694 (1975).
The distinctions between various kinds of business emporiums have become nebulous. Many stores are now of a general purpose nature. Drug and grocery stores no longer limit themselves to drugs and groceries. "To permit drugstores and grocery stores to be open on Sunday and sell their non-drug and non-food stock while hardware stores carrying the same and/or similar merchandise are required to be closed constitutes invidious discrimination against hardware stores and is patently discriminatory." 399 So.2d 638, 639. Harry's Hardware and its competitors, who are allowed to stay open on Sundays, are in sufficiently similar circumstances to make discrimination between them illegal. See Broadbent v. Gibson, 140 P.2d 939, 105 Utah 53 (1943); Spartan's Industries, Inc. v. Oklahoma City, 498 P.2d 399 (Okl., 1972); Boyer v. Ferguson, 389 P.2d 775, 192 Kan. 607 (1964); and Skag-Way Department Stores, Inc. v. City of Omaha, 140 N.W.2d 28, 179 Neb. 707 (1966). The arbitrary distinctions drawn in the statutes discriminate against plaintiff's business.
The statutes do not prevent unfair competition and promote a day of rest. They reflect the fact that some businesses welcome the opportunity for Sunday sales and others do not.[2] Sellers of real estate have a *740 great deal of Sunday activity and want no legislative restrictions. Many in the business of selling furniture prefer that their competitors be forced to close on Sunday. The real basis of the law is economic. See "Sunday Blue Laws: A New Hypocrisy", 54 Notre Dame Lawyer 716. "... [S]uch laws are legislated at the behest of businesses that operate unprofitably on Sunday but are compelled by economic realities to do so because their competitors are doing business...." 54 Notre Dame Lawyer 722. The result is a statutory scheme which discriminates against some merchants who wish to engage in Sunday sales and denies them equal protection in violation of the state and federal constitutions. U.S.C.A. Const. Amend. 14, § 1; LSA-Const. of 1974, Art. 1, § 3; People v. Abrahams, 40 N.Y.2d 277, 386 N.Y.S.2d 661, 353 N.E.2d 574, 386 N.Y.Supp.2d 661 (1976); Kroger Company v. O'Hara Township, 481 Penn. 101, 392 A.2d 266 (1978); Caldor's, Inc. v. Bedding Barn, Inc., 417 A.2d 343, 177 Conn. 304 (1979) and City of Ashland v. Heck's, Inc., 407 S.W.2d 421 (Ky.App., 1966). Compare State v. Target Stores, Inc., 156 N.W.2d 908, 279 Minn. 447 (1968); State v. Hill, 369 P.2d 365, 189 Kan. 403 (1962); State v. Anonymous, 366 A.2d 200, 33 Conn. Supp. 141 (1976); and Skaggs Drug Centers, Inc. v. Ashley, 484 P.2d 723, 26 Utah 2d 38 (1971).
The legislature can validly provide necessary and desirable exceptions to a Sunday Closing Law in one cohesive scheme. However, the irrational classifications and exemptions in the Louisiana statutes do not have any reasonable relationship to the public welfare or the prevention of unfair competition. See Pacesetter Homes, Inc. v. Village of South Holland, 163 N.E.2d 464, 18 Ill.2d 247 (1960); State v. Shop and Save Food Markets, Inc., 415 A.2d 235 (Vt., 1980); County of Spokane v. Valu-Mart, Inc., 419 P.2d 993, 69 Wash.2d 712 (1966); and Nation v. Giant Drug Company, 396 P.2d 431 (Wyo., 1964). The Sunday Closing Law exceeds the legislature's broad prerogatives and should be declared unconstitutional as applied to plaintiff and businesses similarly situated.
I respectfully dissent.
CALOGERO, Justice, dissenting.
For the reasons expressed in the dissent by Justice Watson I am of the view that R.S. 51:191 and 192 are unconstitutional insofar as they prohibit Harry's Hardware and other businesses similarly situated from opening on Sunday and selling the items in their stores not prohibited from sale on Sunday by La.R.S. 51:194.
R.S. 51:194 prohibits the sale of certain merchandise on Sunday and permits the sale of other merchandise. The enactment of such legislation, establishing a uniform day of rest on which business activities are restricted, while perhaps questionable, is not in my view such an unreasonable exercise of the police power as to require a finding of unconstitutionality. There is perhaps a rational basis for the legislation, and the distinctions relative to the merchandise exempt from the Sunday sale prohibition are not clearly arbitrary.[1] However, when La.R.S. 51:191 and 192 are considered along with R.S. 51:194, arbitrary distinctions are created that lack a rational basis and invidiously discriminate against plaintiff and other businesses, which like grocery stores, also sell exempt merchandise.
Under La.R.S. 51:191-192, plaintiff is effectively prohibited from selling any merchandise on Sunday, even the merchandise not prohibited from Sunday sales by La.R.S. 51:194, because those statutes prohibit him from opening his store at all on Sunday. On the other hand, plaintiff's competitors, like the giant supermarkets which carry and sell on Sunday numerous items which plaintiff also carries, are allowed to open and to sell those items on Sunday simply because they also sell food items and are "grocery stores" rather than "hardware stores".
*741 I therefore believe that for the Sunday closing laws to be constitutional, any dealer who sells exempt merchandise should be permitted to open, and all stores should be prohibited from selling on Sunday any prohibited merchandise.
There are of course practical problems in enforcing the law and making sure that prohibited merchandise is not sold on Sunday by the open stores. But that problem addresses itself to the Legislature. A reconsideration of the whole "Sunday Blue Law" scheme seems in order.
Nonetheless, as long as stores like the large general purpose super markets can stay open on Sunday and sell exempt merchandise, other stores should likewise be permitted to do so. Practical concerns, like the percentage of a retailer's merchandise which is exempt under the law, or the dollar volume of Sunday business activity, may affect a retailer's choice to close, or open, on Sunday. R.S. 51:191 and 192, discriminatory as they are, should not compel him to remain closed.
NOTES
[1] A contrary view has been expressed. See, for example, the dissent by Justice Douglas in McGowan, supra; "Sunday Closing Laws in the United States: An Unconstitutional Anachronism," Vol. XI Suffolk University Law Review 1089; "The Blue Laws Revisited," 36 Albany Law Review 782; "No Crime on Sunday," Sweet & Maxwell's Criminal Law Review, August, 1980, at p. 496; "Sunday Observance Legislation in Alberta," Vol. XII Alberta Law Journal 236.
[2] Those who do not are represented here by an Amicus Curiae brief on behalf of The Retail Merchants' Bureau, a Division of the Chamber New Orleans and the River Region, D. H. Holmes Company, Ltd., Maison Blanche, a Division of City Stores Company, Universal Furniture, Inc., The Radio Center, Inc., Philip Werlein, Ltd., Krauss Company, Ltd., Mintz Furniture, Inc., Porter-Stevens, Shel-Bar, Inc., d/b/a Lee's Fine Shoes, The Clothes Horse, Inc., Workbench, Inc., Veterans Ace Hardware, Inc., Haspel Brothers, Inc., J. C. Penney Company, Inc., Rubenstein Brothers, Inc., Crane, Inc., The Leon Godchaux Clothing Company, Ltd., Eddie's Ace Hardware, Inc., Bywater Ace Hardware, Inc., New Orleans East Hardware Center, Robbie's Furniture Villa, Inc., The Lamp Post, Inc., J. F. Johnson's, Inc., Kelly Ward's Piano and Organ Shop, Ace Appliances, Inc., Bewley Furniture Company, Inc., Ms. Kay's Ladies and Juniors Apparel, Sun Furniture City, A & A Bourgeois Store, Honeycutt Furniture, Inc., Bart-Wiell, Inc., Sherwood Magnavox Home Entertainment Center, Inc., Jake's Department Store, Inc., New York Hardware & Furniture Company, Inc., Weiss-Goldring, Inc., Peyton's Ladies' Apparel, Inc., Wath, Inc., d/b/a/ Western Auto Associates Store.
[1] Generally, the items exempt from the Sunday sale prohibition under La.R.S. 51:194 are of a type that are more likely to be needed in an emergency, like food and drugs.