Dear Mr. Miller:
Your opinion request to the Attorney General has been referred to me for research and response. You ask whether or not the Louisiana State Boxing and Wrestling Commission is authorized to collect the 5% tax under LSA R.S. 4:67, on the gross receipts from those Louisiana cable companies who sell "pay for view" cable television of boxing and wrestling events to citizens in our State.
The statute in question provides in pertinent part as follows:
 . . . where a contest or exhibition is taking place at another area or place and is being televised to a club or theater, such club or theatre shall be subject to the provisions of this Chapter, must apply to and be licensed by the commission, and shall pay the tax herein provided on the gross receipts of said paid commissions at said club or theatre.
Your request further states as factual background the following:
 "This statute was enacted prior to cable and `pay for view' television, when boxing events were televised either to a club or theatre. With the advance in technology, boxing events are now brought directly into a person's home by the cable companies on a `pay per view' basis."
Your question is therefore, does R.S. 4:67 allow the commission to collect the 5% tax on "pay per view" boxing and wrestling events televised to a person's home.
This statute was intended by the legislature to apply to "facilities" holding such events. In section B of R.S. 4:67, in part quoted above, the legislature extended this coverage to include clubs or theatres to which major matches were televised and for which patrons paid to view those matches on the "big screen." This was a common practice over the last twenty years. Your request indicates that "pay per view" in the home has substantially superseded the theatre practice and therefore, can it also be taxed? In your request your cite the case of Picks Auto Parts No. 2, Inc. v. Hodge's Auto Parts, 334 So.2d 547
(La.App. 4th Cir. 1976) for the proposition that this statute should be extended to tax these "pay per view" events in the home.
We find that Picks supra, does not support this proposition. As a general rule, license tax statutes must be construed strictly and in favor of the taxpayer and may not be extended by construction, see Morgan Lindsay, Inc. v. Louisiana St. Bd. of Health, 169 So.2d 560 App. 1965. Furthermore, statutes levying taxes are to be strictly construed and any doubt or ambiguity concerning the terms of a tax statute must be resolved in favor of the taxpayer, see Danna v. Commissioner of Ins., 228 So.2d 708
(App. 1969).
In light of the above principles and the clear wording of the statute, it is the opinion of this office that the 5% tax authorized by R.S. 4:67 may not be extended to individual households receiving cable "pay per view" boxing and wrestling events nor may it be collected from the transmitting cable companies. The statute states, "televised to a club or theatre." Therefore, we need not divine the intent of the legislature, Civ. Code Art. 9. For this office to extend the application of R.S. 4:67 to private homes would be to act as a legislature. Should the legislature desire to amend this statute to reflect this advance in technology, it is free to do so.
Trusting the above answers your question, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR:vrr