Dear Senator Hollis:
You have requested an opinion of the Attorney General regarding Act 518 of the 1992 Regular Session of the Louisiana Legislature. Act 518 amends various statutory provisions comprising the Louisiana State Employees' Retirement System (LASERS) as it relates to benefits afforded Legislators, the Governor, the State Treasurer, the Clerk and Sergeant at Arms of the House and Secretary and Sergeant at Arms of the Senate.
You note the following benefits afforded by Act 518:
 — Redefines the term "earned compensation" to include per diem and overtime, but limits this definition as applying only to members of the Legislature and legislative employees.
 — Allows legislators and certain others to buy service credit with the state, a political subdivision, or a nonprofit quasi-governmental agency at a rate of 3.5%.
 — Allows legislators to participate in the Deferred Retirement Option Program (DROP) for three years.
 — Allows legislators who have a break in service to purchase service credit for this time between periods of service.
 — Allows former members of the legislature who return to work on a contractual basis to earn additional credit for the new service.
 — Allows any legislator who is retired from LASERS or the Teachers' Retirement System to receive his/her full retirement and legislative pay, at the same time.
You further note that the benefits enumerated above were not made available to regular or career civil service employees. You have requested our opinion as to whether Act 518 is constitutional in that it applies to a select few to the exclusion of the vast majority of other state officials and employees.
Both state and federal constitutions mandate equal protection under the laws. U.S. Const. Amend. XIV; La. Const. Art. 1, Section 3. The equal protection guarantee of our constitution, however, was intended only as a restatement of the federal equal protection clause. Burmaster v. Gravity Drainage District No. 2 of the Parish of St. Charles, 366 So.2d 1381 (La. 1978).
The concept of equal protection is not susceptible to precise definition. There is no easy formula or test applicable, so our courts examine each case upon its own peculiar circumstances as it arises. Schwegmann Giant Super Markets v. Edwards, 552 So.2d 1241 (La.App. 1 Cir. 1989) Writ Denied.
The United States Supreme Court has acknowledged the legislative right to classify. To balance the demand for equality of laws guaranteed in the Fourteenth Amendment and the legislative right to classify, which necessarily affords different treatment for the individuals so classified, the courts have scrutinized the classification on the basis of its reasonableness. Thus, the function of the equal protection clause is to measure the validity of classifications created by state laws — in this case Act 518.
To accomplish this task, the courts have employed a two-stage process. Thereunder, it is first necessary to determine whether the act operates to the disadvantage of some suspect class (i.e., race, alienage, national origin or discrete and insular minorities), or impinges on a fundamental constitutional right (i.e., the rights to freedom of expression, vote, interstate travel, fairness in the criminal process, and privacy). If it does, the legislation is subject to strict judicial scrutiny. Maher v. Roe, 432 U.S. 464, 97 S.Ct. 2376,53 L.Ed.2d 484 (1977); Bazley v. Tortorich, 397 So.2d 475 (La. 1981).
A less rigorous standard of review applies to classifications which do not disadvantage a suspect class or impinge on a fundamental right. In such cases, the act is presumed constitutional and need only rationally further some legitimate, articulated state interest or goal. City of New Orleans v. Dukes, 227 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511
(1976); Harry's Hardware, Inc. v. Parsons, 410 So.2d 735 (La. 1982), Rehearing Denied.
Our courts have consistently applied this "rational basis" test to legislation pertaining to the areas of economics, police power, and social welfare. A rational basis level of review will rarely render an act constitutionally infirm, and is, by design, a deferential approach to the legislative branch of government. Rudolf v. Massachusetts Bay Ins. Co., 472 So.2d 901
(La. 1985).
Act 518 neither operates to the disadvantage of some suspect class, nor impinges on a fundamental constitutional right. Thus, it may be set aside only if the classification it makes is based solely on reasons totally unrelated to the pursuit of the state's goals and only if no grounds can be conceived to justify its enactment. Clements v. Fashing,457 U.S. 957, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982); Schwegmann Giant Super Markets v. Edwards, cited supra. Further, the classification does not offend the constitution simply because it is made with mathematical nicety or because, in practice, it results in some inequality. Lindsley v. National Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911); Bazley v. Tortorich, cited supra.
Act 518 amended the statutory provisions comprising LASERS, albeit for the benefit of members of the legislature and various other elected and appointed officials within the legislative and executive branches of state government. There can be little argument that the state has a legitimate interest in providing for, and enhancing the financial security of its officers and employees while, at the same time, adhering to the maximum that public retirement or pension systems, funds and plans be maintained on a sound actuarial basis. Further and consistent with the equal protection clause, our courts have held that a state may take one step at a time in addressing phases of problems. Thus, a state should not be forced to choose between solving every aspect of a problem, nor attacking the problem at all. Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153,25 L.Ed.2d 491 (1970).
It is not within the province of this office to decide whether the legislature's formulation of retirement benefits under Act 518 best fulfills the overall goals of LASERS that Louisiana might ideally espouse. Although the classifications established by Act 518 may seem questionable to those excluded, they do not affect fundamental rights, nor do they proceed along suspect lines. Further, and crucial to our determination that Act 518 is constitutional, said classifications are supported by a rational basis.
We hope this satisfactorily answers your question; however, if you need additional assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:lbw-0063R