480 So.2d 380 (1985)
F.D.
v.
ASSOCIATED CATHOLIC CHARITIES OF NEW ORLEANS, INC., John Doe and Jane Doe.
No. CA-3536.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1985.
Writ Denied February 7, 1986.
*381 Paula A. Perrone, Metairie, for appellant.
Melanie Shaw, New Orleans, for appellees.
Before REDMANN, C.J., and GULOTTA and GARRISON, JJ.
GULOTTA, Judge.
Plaintiff, an unwed mother who surrendered her natural child to a licensed adoption agency, appeals from a dismissal, on an exception of no cause of action, of her habeas corpus petition to regain permanent custody of the child.[1] We affirm.
On February 24, 1984, plaintiff signed a notarial act surrendering her one-month old daughter to Associated Catholic Charities of New Orleans, Inc., a state-licensed adoption agency. On March 22, 1984, however, she informed A.C.C. by certified mail that she desired to revoke her consent. Upon defendant's refusal to return the child, plaintiff filed a petition for writ of habeas corpus.
Plaintiff seeks to annul her act of "voluntary surrender" for lack of consent and, further, to have the surrender of children to licensed adoption agencies (R.S. 9:401-9:407) declared unconstitutional as violative of her rights of due process and equal protection of the laws. The gist of plaintiff's constitutional attack is that the statutory scheme for agency adoptions, unlike the statutes authorizing private adoptions (LSA-R.S. 9:422 et seq.), provides no time period for a parent to revoke her act of surrender and makes no provision for representation of the natural parent by legal counsel at the time of execution of the authentic act of surrender.
*382 A natural parent's act of surrender of a child under LSA-R.S. 9:402 must be free of any fraud or vice of consent. Ball v. Campbell, 219 La. 1076, 55 So.2d 250 (1951); Golz v. Children's Bureau of New Orleans, Inc., 326 So.2d 865 (La.1976); Allen v. Volunteers of America, 378 So.2d 1030 (La.App. 2nd Cir.1979), writ denied 381 So.2d 509 (La.1980). Where the natural parent sufficiently alleges that she has surrendered her child under such pressure and coercion, she states a cause of action entitling her to offer evidence in support of those allegations. Ball v. Campbell, supra. Nonetheless, an unwed mother's vacillation in deciding whether or not to surrender her child, though indicative of her torment and heightened emotions about her dilemma, does not necessarily prove that her consent to the surrender was legally vitiated. See Allen v. Volunteers of America, supra.
In the instant case, the supplemental and amending petition alleges, in pertinent part:
"For the thirty day period following the birth of her daughter ... petitioner... was in a state of extreme distress about the prospect of giving the child up for adoption and was constantly during this thirty day period being counseled by representatives of the defendant, Associated Catholic Charities of New Orleans, Inc. to give the child up for adoption, being told information as to how financially able to care for the child the adoptive parents were, what good parents they would be, all of which put the petitioner in a state of confusion, ambivalence guilt [sic] over keeping the child. Finally, on February 24, 1984, petitioner executed an authentic act of `Voluntary Surrender', such execution being under extreme duress, thereby vitiating ... consent and nullifying the `voluntary surrender' act."
Considering these allegations, we conclude that plaintiff has failed to state a cause of action entitling her to annul the act of surrender for a vice of consent. Plaintiff factually alleges only that the adoption agency's representatives counseled her over a thirty day period to give the child up for adoption by informing her that the adoptive parents would be good persons and financially able to care for the child. Although the mother further alleges that she was in a state of "extreme distress" and that counseling confused her and made her feel ambivalent and guilty, such vacillation and torment over her decision do not constitute a vice of consent. See Allen v. Volunteers of America, supra. Furthermore, plaintiff's remaining conclusory allegation that her execution of the authentic act of surrender was under "extreme duress" vitiating and nullifying her consent is unsupported by factual allegations. Accordingly, we conclude the trial judge properly maintained the exception.
We further reject plaintiff's constitutional attack. In Golz v. Children's Bureau of New Orleans, Inc., 326 So.2d 865 (La.1976), the Louisiana Supreme Court held that the statutory procedure for agency adoptions does not violate due process of law by failing to afford a natural parent legal counsel or a judicial hearing before the surrender of parental rights in a formal instrument.
Plaintiff raises equal protection arguments in the instant case. Because we conclude a rational basis exists for the Legislature to treat the requirements for an agency adoption and a private adoption differently, we conclude no constitutional impairment exists based on lack of equal protection. Private adoptions are not clothed with safeguards that exist in a state licensed and regulated agency, and one can reasonably concude that greater abuse might occur in a private adoption setting than in an agency one. Therefore, more strigent requirements, as determined by the Legislature in private adoptions, clearly have a rational basis.
Because these differences in procedure between private and agency adoptions are founded on real distinctions and are not arbitrary or irrational, we conclude they further a legitimate state purpose. LSA-Const. Art. 1 § 3; R.J. D'Hemecourt Petroleum *383 v. McNamara, 444 So.2d 600 (La. 1984), certiorari denied ___ U.S. ___, 105 S.Ct. 92, 83 L.Ed.2d 39 (1984); Harry's Hardware Inc. v. Parsons, 410 So.2d 735 (La.1982), certiorari denied 459 U.S. 881, 102 S.Ct. 178, 74 L.Ed.2d 145 (1982). Furthermore, a mother is free to choose whether she desires to surrender or not surrender the child and whether she prefers an agency or private adoption if indeed she wants to surrender the child.
For these reasons, we conclude R.S. 9:401-9:407 are not violative of the equal protection guarantees provided for in the United States and Louisiana constitutions.[1]
Accordingly, the judgment is affirmed.
AFFIRMED.
GARRISON, J., dissents with written reasons.
GARRISON, Judge, dissenting:
Plaintiff, an unwed mother, executed an act of "voluntary surrender" of her child (approximately 4 weeks after its birth) to Associated Catholic Charities of New Orleans, Inc. A month later she informed the Association that she intended to revoke her consent and regain the child's custody. The trial court has held that she cannot do so. The majority of this panel affirms that judgment. I disagree.
In the full context of the circumstances, it is apparent that consent  in the sense of being a free and deliberate exercise of will  was lacking when plaintiff surrendered her child. See Article 1819 of the Civil Code regarding facts vitiating consent.
In determining if there existed vice in the consent the age, sex, health, temper, disposition of the party and other circumstances must be taken into consideration. Article 1851.
Under the circumstances of her surrender of her child a mere 4 weeks after its birth, it is inconceivable that this young unmarried mother was not overwhelmed by anxiety, guilt and concern for the child's support. Consequently, I find the requirement of consent in the transaction to be absolutely lacking. Furthermore, in my judgment, the complete absence of a time period in which to revoke her consent and of the provision of legal counsel for her represent an application of a law which is inhumane to the point of being primitive.
Consequently, in addition to the clear absence of consent as a factual matter, it appears to me that Revised Statutes 9:401-407  to the extent to which they apply to this case  are manifestly unconstitutional as violations of plaintiff's right to due process. They are unconstitutional because they deny to a woman in the plaintiff's circumstances the right to revocation and the right to counsel on the ground that an adoption agency is involved, whereas in a private non-agency adoption there would be available to her such safeguards. Revised Statutes 9:422.7 and 9:422.10.
NOTES
[1] To preserve the privacy of the individuals involved, we have deleted all references to personal identities in this opinion.
[1] U.S.C.A. Const. Amend. 14; LSA-Const. Art. 1, § 3.