GOTHARD, Judge.
Appellant, Department of Health and Human Resources (DHHR), appeals a judgment of the Juvenile Court granting to the attorney for the minor child a motion to set aside the natural parents’ notarial act surrendering the 29 month old child to his paternal grandparents. We affirm. FACTS
The minor, J.W., Jr., came into the custody of the DHHR by virtue of an instanter order issued from the Juvenile Court for the Parish of Jefferson on May 21, 1986. A subsequent petition was filed by the agency on May 27, 1986 which alleged that J.W., Jr. had suffered injury as a result of neglect or abuse on the part of his parents. On June 11, 1986, J.W., Jr. was adjudicated a child in need of care, with continued custody remaining with DHHR.
On July 8, 1986, a disposition hearing was held in which legal custody of J.W., Jr. remained with DHHR and the child was placed in the physical custody of the maternal grandparents. The parents were allowed supervised visitation with their child pursuant to a child service plan contract which called for the mother to participate in individual psychotherapy and obtain employment. A service contract was not initiated with the father due to criminal child abuse charges brought against him. The long-term permanency plan for the child was reunification with his mother. Both parents were reported as cooperating.
On March 17, 1987 the Juvenile Court ordered the child removed from the home of his maternal grandparents pursuant to their request and placed in St. Vincent’s *789 Infant Home. The court ordered the agency to explore other relatives with whom to place the child, which included the possibility of his placement with his paternal grandparents as recommended by psychologist, Dr. William Janzen. However, this order was delayed and the agency was ordered to hold a staffing on termination of parental rights, as a result of the father’s criminal child abuse charges.
On March 27, 1987 the parents with approval of the Juvenile Court executed a formal Act of Surrender surrendering legal and physical custody of J.W., Jr. to his paternal grandparents for adoption. On June 2, 1987 the grandparents requested a continuance of adoption proceedings and on November 24, 1987 notified the Juvenile Court that they no longer intended to adopt the child. As a result of the grandparents’ decision not to adopt the minor, the Juvenile Court revoked legal custody from the grandparents and awarded it to DHHR on January 24, 1988. The child was then placed in foster care.
After these events, the minor’s attorney petitioned the Juvenile Court to set aside the natural parents’ act surrendering the child to his grandparents for adoption. The motion additionally requested the court to conduct a hearing to determine the agency’s plan for the child, whether it be termination of parental rights, family reunification, or long term foster care. On May 31, 1988 this motion was granted. It is from this judgment that DHHR appeals. Appel-lees in this action are the natural parents of the minor.
ASSIGNED ERRORS
Appellant DHHR assigns the following errors for our appellate review:
1. The Juvenile Court erred when it invalidated an authentic act of private surrender of parental rights, without a showing that the act itself was defective and without a full evidentiary hearing.
2. The Juvenile Court erred when it invalidated an authentic act of private surrender of parental rights when there was no written revocation by the parents within the prescribed time constraints of law.
3. The Juvenile Court erred when it ruled that an authentic act of private surrender of parental rights executed in favor of private individuals did not terminate all parental rights forever.
4. The Juvenile Court erred when it ruled that an authentic act of private surrender of parental rights executed in favor of private individuals did not free that child for adoption by someone other than those persons named in the act.
APPLICABLE LAW
LSA-R.S. 9:421, et seq. governs the private adoption of persons under seventeen.[1] One method of private adoption is by voluntary legal surrender provided for in section 422.3, which reads:
A. The parent or parents of a child may execute an authentic act for the purpose of voluntarily surrendering the custody of the child for private adoption ... The act of surrender shall be presumptive evidence of a legal and voluntary surrender only if it contains every element required by R.S. 9:422.6, and is in all other respects executed in accordance with the provisions of this Subpart. The provisions of this Subpart shall not apply if the natural parent or parents have been deprived of custody by court order and the child has been placed with the Department of Health and Human Resources; however, the natural parent or parents may, with approval of the court having jurisdiction of adoption matters, execute an authentic act of voluntary surrender of a child whose custody has been granted to the Department of Health and Human Resources and who has been placed by that department in its foster care program. Nothing in this Subpart, however, shall alter the provisions for or the effects of a voluntary surrender to a licensed adoption agency.
B. An authentic act, as defined in Civil Code Art. 1833, as well as a notarial act, which does not recite every element required by R.S. 9:422.6, shall be a suffi *790 cient basis for the court having jurisdiction over adoption matters in the parish of domicile of the adoptive person or couple to hold a hearing to determine whether it is in the best interest of the child to return it to the surrendering parents, or either of them, or to proceed with the pending petition for interlocutory decree of adoption, if one or both of the surrendering parents, or his or her legal representative, if a surrendering parent does not have full contractual capacity by reason of minority or other legal disability, or the child’s tutor, if applicable, attempts to withdraw consent for the adoption.
Once the formalities required by section 422.3 are complied with, the authentic act of surrender evidences irrevocable parental consent and automatically terminates parental rights. No further notification to or participation by the natural parents is required, and from the time the authentic act of surrender is executed, custody of the child is vested in the adoptive parents named by the act. LSA-R.S. 9:422.8.[2] Additionally, if the method of legal surrender set out in section 422.3 is used, any attempted revocation of parental consent to the adoption is barred after 30 days. LSA-R.S. 9:422.10.[3]
Moreover, revocation of consent will not affect the adoption proceeding if it is in the best interests of the child to remain with the adoptive parents. LSA-R.S. 9:422.11.[4] The adoptive parents are thus assured, after the passage of this 30-day period, that the child will remain in their custody unless under section 422.11 they are found to be unfit, or there is unfavorable recommendation by the Department of Health and Human Resources prior to the final decree. See LSA-R.S. 9:427-434.
Finally, we observe that the requirement of parental consent in adoptions is based upon the well established natural right of a parent to his child, a right that has received constitutional recognition and protection. See Meyer v. State of Nebraska, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923). The rationale for this jurisprudential and constitutional requirement was succinctly stated in Green v. Paul, 212 La. 337, 346 n. *791 2, 31 So.2d 819, 822 n. 2 (1947), which noted that the laws of adoption “must be given a strict construction as they are in derogation of the natural right of the parent to his child.”
In the instant matter, it was stipulated at the trial on the motion to set aside the appellees’ act of surrender, that they had entered into a voluntary surrender for the purpose of private adoption under section 422.3, and that the adoption was never finalized due to the grandparents’ refusal to accept custody of the child. The attorney for the minor, J.W., Jr., took the position that this being the case, the act could not effect a termination of appellees’ parental rights, since the act surrendered the minor to a private person for adoption rather than the State.
The appellees’ attorney reinforced the minor’s position. He argued that the ap-pellee parents never intended to surrender to the State but rather only to the grandparents.
The appellant DHHR took the opposite position, that the act of surrender was complete, despite the grandparents’ failure to accept the minor’s custody, and that surrender of parental rights remains with the State.
The Juvenile Court, indicating that it felt the situation was not clearly addressed by section 422.3, found that the act of surrender at issue evidenced a very specific surrender to the grandparents for adoption, which they refused; therefore, the act of surrender was at this time really moot. In his oral reasons for judgment the Judge stated:
“The surrender is really at this time moot in view of the fact that if I find that it’s a specific surrender to the grandparents for the purpose of adoption. And that’s what it clearly says it is. And if that is not able to be accomplished at this time ... The grandparents no longer wish to assume the responsibility of custodianship of the children [sic]. Therefore the custody is now with the State ... continuing the order of March the 17th [sic] ... to put it succinctly as I understand it, at this time that the state does not have a surrender for adop[sic] ... and therefore they’re not in a status of being able to be adoptable, based on this surrender — because I think this surrender was a very specific surrender to grandparents for the purpose of adoption. That basically is what my ruling constitutes; it means that the State still has custody; that the surrender that originally conferred custodianship upon the grandparents has been ... rendered moot in view of the fact that the grandparents don’t wish to assume that responsibility ... But I’m going to maintain custody then based on the March 17th custody order, as I understand the record to say was issued again back to the State based on the fact that I assume that the parents were attempting to withdraw the surrender, and the grandparents were not willing any longer to be the custodians of the child ... the subsequent custody order of January, ‘88 be maintained, conferring custody upon the State of this child.... I’m going to maintain the ruling in that adjudication then ... and I’m going to set a further dispositional hearing on this case to set exactly ... what the plans for the child are going to be by the State ...”
MERITS
In order for the appellant DHHR to prevail in its argument that the surrender of the minor should be to the State, this court would have to find that the Juvenile Court was somehow legally prohibited from interpreting the language of the act in a manner consistent with the intent expressed by the parties signing it. However, in an attempt to prove its position, appellant DHHR argues that the act could not properly be set aside without a finding of the act’s defect under section 422.6 or of a timely revocation of parental consent to the adoption under section 422.10. We disagree.
As was observed by the trial Judge, Section 422.3 does not address the situation here, where the surrender of the child for adoption is to particular people who later withdraw from the agreement. Further, *792 we do not feel that the legislature, by providing this method of legal surrender for private adoption, intended that the court would be excluded from exercise of its discretion in this case. Rather, it seems the adoption scheme established by these provisions is a further legislative attempt to balance the interests of the biological and adoptive parents while promoting the best interests of the child. See Martin, In Re CDT: The Need for Greater Clarity in Private Adoption, 44 La.L.Rev. 845, 850 (1984). Accordingly, we find the Juvenile Court was within its authority to consider the circumstances, to apply the basic test of the best interests of the child in light of these circumstances, and decide to set aside the act as moot.
We also disagree with appellant’s argument that appellees’ parental rights were irrevocably terminated by the unaccomplished act of surrender. Appellant relies on In Re J.E.C., 487 So.2d 675 (La.App. 5 Cir.1986) writs denied 491 So.2d 26, and the case on which this holding was based, In Re G.O., 433 So.2d 1115 (La.App.Cir. 3 1983). In Re J.E. C. held that the surrendering parent’s subsequent opposition to adoption does not negate termination of parental rights by the act of surrender. We observe, however, that unlike the present case, the surrendering parent in that case had not evidenced an intent to limit surrender of the child for adoption to one particular person who then refused to accept custody. Accordingly, the case is factually distinguishable from the instant one and, therefore, is not dispositive of the issue concerning termination here.
We further disagree with appellant’s argument that the State had the right to place the minor, J.W., Jr., in a new adoptive setting when his grandparents refused to take custody. Appellant relies on In Re McK, 444 So.2d 1362 (La.App.Cir. 2 1984) and F.D. v. Associated Catholic Charity, etc., 480 So.2d 380 (La.App.Cir. 4 1986) writ denied 481 So.2d 1353 cert. den. 479 U.S. 870, 107 S.Ct. 237, 93 L.Ed.2d 162. The case In Re McK dealt with a controversy between the adoptive parents and the State, in which the State had refused to finalize the adoption as not in the minor’s best interests. There was no evidence that the surrender was conditional on adoption by a particular adoptive parent or that the natural parents were still involved as they are here. F.D. v. Associated Catholic Charities, etc. dealt with parental surrender to an agency for adoption, rather than, as here, to a particular adoptive person. As previously stated, when the surrender is to an agency the State does retain the authority to place the child in another adoptive setting. Accordingly, we find no error in the trial court’s refusal to find that the State could provide a substitute adoptive setting for the minor upon the grandparents’ failure to accept his custody.
In our review of the record, we find, as did the Juvenile Court, that the appellees’ actions support an intention to surrender the minor to the grandparents for adoption, but, failing that, not then to the appellant DHHR for placement in a substitute adoptive setting. Rather, appellees apparently relinquished their parental rights to the paternal grandparents in order to keep the child in a familiar setting. Their surrender was in that manner limited, though they executed an act of surrender under section 422.3
The evidence considered, we conclude that the Juvenile Court was within its discretion to set aside the surrender as moot. Logic and sound policy demand that, where a private act of surrender limited to a particular adoptive couple cannot be accomplished, the trial judge be permitted to set aside the act, if that be in the best interests of the child, and, by so doing, reinstate the surrendering parents’ rights. The court can thereafter institute legal proceedings as needed, including, as was done here, maintaining custody in the DHHR pursuant to a continuation of a child in need of care petition.
Accordingly, as we find no error of law or abuse of discretion which would make the judgment appealed in error, we hold to affirm the judgment of the Juvenile Court, which ordered the appellee parents’ act of surrender be set aside as moot and legal custody maintained in the appellant DHHR *793 on a continuation of the child in need of care petition.
JUDGMENT AFFIRMED. CASE REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH LAW.

. For agency adoption see LSA-R.S. 9:402.

. LSA-R.S. 9:422.8 provides:
Effect of authentic act of surrender
A. The authentic act of voluntary surrender grants the legal custody of the child identified in the act to the person or persons named or represented in the act. The authentic act of voluntary surrender, if executed in strict compliance with R.S. 9:422.3 through 422.14, grants the irrevocable consent of the surrendering parent or parents and his, her, or their legal representative, if applicable, or the child’s tutor, as provided in R.S. 9:422.3(A), to the adoption of the child by the person or persons named or represented in the act, except as specifically provided in R.S. 9:422.10 and 422.11.
B. If only one parent’s identity is indicated on the official birth certificate, or an application for certificate in the event the certificate has not been issued as referenced in R.S. 9:422.4, the surrender by that parent and her legal representative, if applicable, alone terminates all parental rights whatsoever, except as provided in R.S. 9:422.10 and 422.14.

. LSA-R.S. 9:422.10 in part provides:
Opposition to adoption; attempted revocation of consent
A. The parent or parents, and their legal representative, if applicable, or the child’s tutor, who executed the authentic act of voluntary surrender, may oppose the adoption of the child only within thirty days after executing the authentic act of surrender. Such opposition or attempted revocation of consent shall be made only by a clear and written declaration of intention to oppose the adoption and their desire to revoke the consent previously given in the act of surrender.
B. The written declaration referred to in Subsection A of this Section must reasonably identify the child surrendered and the act of surrender, attaching a copy of the authentic act being sufficient. A copy of the declaration must be sent to the prospective adoptive parent or parents, or the attorney at law who represented them in the act of surrender, by certified mail, return receipt requested, and postmarked within the time allowed in Subsection A of this Section to be of any effect. Proof of actual receipt of the declaration must be made by an affidavit of mailing to which is attached the signed return receipt or by other proof as in a civil trial.

.LSA-R.S. 9:422.11 in part provides:
Effect of opposition to adoption and attempted revocation.
A. The written declaration by either or both of the natural parents, or his, her, or their legal representatives, if applicable, or the child’s tutor, provided for in R.S. 9:422.10., who executed the authentic act of voluntary surrender shall not bar a decree of adoption if the decree is in the best interests of the child.